IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 08-12264 (CSS) |
| AMC INVESTORS, LLC, | ) | Chapter 7 |
| Debtor. | ) | |
| ══════════════════════ | ) | |
| | ) | |
| IN RE: | ) | Case No. 08-12265 (CSS) |
| | ) | Chapter 7 |
| AMC INVESTORS II, LLC | ) | |
| | ) | Courtroom 6 |
| Debtor. | ) | 824 Market Street |
| | ) | Wilmington, Delaware |
| | ) | |
| | ) | April 26, 2010 |
| | ) | 9:11 a.m. |


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtors:                Stevens & Lee, PC
                            BY:  MARIA APRILE SAWCZUK, ESQ.
                            1105 North Market Street
                            Suite 700
                            Wilmington, DE  19801
                            (302)425-3306
                            -and-
                            Stevens & Lee, PC
                            BY:  CONSTANTINE POURAKIS, ESQ.
                            485 Madison Avenue, 20th Floor
                            New York, NY  10022
                            (212)537-0409

                            Akerman Senterfitt
                            BY:  BRIAN MILLER, ESQ.
                            One Southeast Third Avenue
                            25th Floor
                            Miami, FL  3131-1714
                            (305)982-5626

ECRO:                       LESLIE MURIN

Transcription Service:      DIAZ DATA SERVICES
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

```
 1   APPEARANCES:
     (Continued)
 2
     For Jeffrey Burtch,
 3   Chapter 7:                 Cooch & Taylor
                                BY:  DALE R. DUBE, ESQ.
 4                              The Brandywine Building
                                1000 West Street, 10th Floor
 5                              P.O. Box 1680
                                Wilmington, DE  19899-1680
 6                              (302)984-3835
     For Eugenia VI Venture
 7   Holdings, Ltd.:            Richards Layton & Finger
                                BY:  MARCOS A. RAMES, ESQ.
 8                              920 North King Street
                                Wilmington, DE  19801-3319
 9                              (302)651-7700

10                              Gibson Dunn & Crutcher, LLP
                                BY:  RITCHIE FALEK, ESQ.
11                              200 Park Avenue
                                New York, NY  10166-0193
12                              (212)351-2301

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   WILMINGTON, DELAWARE, MONDAY, APRIL 26, 2010, 9:11 A.M.

2          THE CLERK:  All rise.

3          THE COURT:  Please be seated.

4          MS. SAWCZUK:  Good morning, Your Honor.

5          THE COURT:  Good morning.

6          MS. SAWCZUK:  Maria Sawczuk on behalf of the

7   debtors.

8          Your Honor, we're here today on the -- Eugenia's

9   motion to enforce compliance with the 2004 order.

10          Your Honor, with me in the courtroom today is

11   Constantine Pourakis from my court -- from my office and

12   Brian Miller from Akerman Senterfitt.  Mr. Miller has not

13   yet been admitted pro hac vice.  I would like to make a

14   verbal motion and follow that up with papers later this

15   afternoon.

16          THE COURT:  Okay.  He's admitted somewhere?

17          MR. MILLER:  Your Honor, I'm admitted in the

18   State of Florida and the District of Columbia.

19          THE COURT:  Very good.  Welcome.

20          MS. SAWCZUK:  Thank you.

21          THE COURT:  Oral motion --

22          MS. SAWCZUK:  And our --

23          THE COURT:  -- granted.

24          MS. SAWCZUK:  Thank you, Your Honor.  And I'm

25   going to turn the podium over to Eugenia's counsel.

1          Thank you.

2          THE COURT:  Very good.  Thank you.

3          MR. RAMES:  Good morning, Your Honor.

4          THE COURT:  Good morning.

5          MR. RAMES:  Marcos Rames, Richards, Layton &

6  Finger, on behalf of Eugenia VI Venture Holdings.

7          Your Honor, I have with me in the courtroom today

8  Mr. Richard Falek, our co-counsel, from Gibson, Dunn &

9  Crutcher.  Mr. Falek will be presenting the motion today to

10 Your Honor.  And so with Your Honor's permission, I'll turn

11 the podium over to him.

12         THE COURT:  Very good.  Thank you.

13         MR. FALEK:  Good morning, Your Honor.

14         THE COURT:  Good morning.

15         MR. FALEK:  This is as good as a rainy Sunday

16 morning -- Monday morning could be.

17         THE COURT:  It's not Sunday, so --

18         MR. FALEK:  That's right.  You can see where my

19 mind --

20         THE COURT:  It is --

21         MR. FALEK:  You can see where my mind is at.  I

22 apologize.

23         I will just give about thirty seconds of

24 background.  I don't think it's very complicated.

25

1          The debtors are closely affiliated entities with

2    some other entities known as Maplewood.  They are so closely

3    affiliated they share office space.  They have the same --

4    they have the exact same personnel.  They have the same

5    mailing address and, in fact, it's our understanding that

6    Maplewood is paying the bills here.

7          Debtor -- the debtors owe us -- my client,

8    Eugenia, about $10 million, north of 10 million.  I know the

9    amount might be in dispute, but there's many millions of

10   dollars that are owed.

11         We made a motion -- a Rule 2004 motion which Your

12   Honor so ordered over debtors' objections.  We know -- we're

13   not looking -- we believe -- we know documents exist.  I

14   have -- as part of their production, they produced their

15   attorneys' bills.  I have just a few examples.  Their

16   attorneys' bills have numerous communications with Robert

17   Glaser, with I believe his name is Ronald Augustin

18   (phonetic), people who work at Maplewood and, more

19   importantly, that there are documents there.

20         They didn't produce a single email.  They didn't

21   produce a document to or from Robert Glaser.  They didn't

22   produce a document to or from Ronald Augustin, and they're

23   argument wasn't simply those documents don't exist.  Their

24   arguments were the same that Your Honor overruled.

25

1          In their opposition, they continued to go on

2    about a case which they're not a party; which they -- which

3    their client had a victory in the Second Circuit.  There's

4    no doubt about it.  But there's a lot more going on here.

5    They owe us 10 million.  Perhaps someday a claim which

6    wasn't even the -- that might be an asset, but we're

7    entitled to look for assets as Your Honor pointed out in the

8    prior argument.

9          For example -- I'm just giving you by way of

10   example -- they claim there was a contract there that

11   required them to only hold debtors' stock.  Well, as Your

12   Honor pointed out better than I could, who knows if they

13   followed the contract; who knows -- I mean, they're -- I

14   don't even know where the money is coming from to pay this,

15   but there might be an account there.  There might not be.

16   There might be assets in with the debtor.

17         Plus, as just another example, they were in

18   existence since 2000, they being the debtors.  I don't know

19   what they did or didn't do, and I'm not saying what they did

20   or didn't do, but I need discovery in those three years

21   before there was even -- that Eugenia was even on the scene.

22         So I think we want -- we're -- we want, we're

23   entitled to it and it's already been so ordered, a review

24   here, a search and a review.  And so I'm asking just that

25   the prior order be complied with.

1          I'm also asking because I know -- but just so

2    there's no shell game, that the Maplewood entities we've

3    proffered, Rule 2004 request.  We respectfully ask Your

4    Honor so orders those so there isn't this issue.  For

5    example, they say, well, we really couldn't search the

6    debtors because they have no servers.  I'm not really sure

7    exactly what that means, but let's clear that issue away and

8    have discovery upon -- upon Maplewood.

9          So I'm really asking for just compliance with the

10   further order.  I'm asking for -- respectfully for the

11   Maplewood discovery to be so ordered.  I'm also asking for

12   our costs and fees here because I really do believe the

13   order was clear on its face, and the answer didn't come back

14   there's no their there.  The answer came back, in particular

15   two answers:  One, that it's irrelevant because we've won

16   some other case; and, two, they continue to argue that the

17   contract says they held no assets and they keep saying,

18   everyone knows we have no assets.  Well, honestly, I don't

19   know that.  I don't know if they do.  I don't know if they

20   don't.  But these orders -- these objections have been --

21   respectfully have been overruled by Your Honor and that's

22   why I'm also asking for our fees here as well.

23         I mean, that's really all I have in a nutshell.

24   I'm more than happy to answer any questions Your Honor might

25   have.

1          THE COURT:  No.  No questions.

2          MR. FALEK:  Thank you, Your Honor.

3          THE COURT:  Let me hear response.

4          MR. MILLER:  Good morning, Your Honor.  Brian

5   Miller from Akerman Senterfitt in Miami.

6          I would like to raise three principle points.

7          First of all, there was a Rule 2004 examination

8   which Your Honor ordered, and the debtors produced documents

9   that they had in response to that.  So it's important to

10  recognize that there have been many documents already

11  produced.  These are shell companies.  Nobody disputes that.

12  There's no evidence anywhere and you wouldn't find any that

13  they did anything other than own stock in AMC Computer,

14  which is now defunct and execute the guarantee in favor of

15  the creditors of the now defunct AMC Computer.

16          So we produced bank records on behalf of the

17  debtors.  We produced their organizational documents.  We

18  produced their contracts that they ever executed, which were

19  few and far between.  We produced legal invoices for all of

20  the legal fees incurred by the debtors in the State Court

21  litigation that gave rise to this judgment, and in the

22  bankruptcy as well as in the Florida post-judgment discovery

23  proceedings that were taken.  We produced evidence of where

24  payments were made.  We produced the insurance policies that

25  don't actually apply to these debtors, but there was a claim

1  made to AIG which was denied.  We produced the coverage

2  denial letters as well and correspondence back and forth

3  with the insurance carrier.

4             So we did a very thorough search of what exists

5  with respect to these debtors and produced those documents.

6             Now what else exists, Your Honor?

7             THE COURT:  Did -- let me just interrupt for a

8  second.

9             MR. MILLER:  Certainly.

10            THE COURT:  Did you produce a privileged log as

11 well?

12            MR. MILLER:  We did, Your Honor.

13            THE COURT:  Okay.

14            MR. MILLER:  And there were -- I don't remember

15 how many there were, a handful of documents on the privilege

16 log which were analysis of potential claims on behalf of

17 these debtors and other Maplewood parties.  They were all

18 subject to the joint defense privilege and those are all on

19 the privilege log.

20            Those were all the documents that exist, Your

21 Honor, with respect to analysis of potential claims, which I

22 think is probably the most important issue here.  So we have

23 put all those documents on the log.  They're all subject to

24 the joint defense privilege.  If Your Honor or if the

25 trustee wants to review them, we're happy to do that -- to

1  assess the joint defense privilege.  The trustee's counsel

2  has acknowledged that they can only waive the privilege on

3  behalf of the debtors, not on behalf of other parties, and I

4  think the law that we cited and, in fact, the case that

5  Eugenia cited also fully supports that proposition.

6          THE COURT:  All right.

7          MR. MILLER:  Now with respect to what other

8  documents exist out there, I can tell Your Honor the full

9  universe of other documents with respect to these debtors

10 that exist that have not been produced, and they are all the

11 documents, emails, correspondence, pleadings, legal research

12 by these debtors in defending the judgment that we're here

13 about today, as well as this bankruptcy case.  That's it.

14 That's the only other thing that exists.

15         THE COURT:  Well, what about communications

16 between Mr. Glaser and the debtor; between Maplewood and the

17 debtor; and documents in the possession, custody and control

18 of Mr. Glaser and Maplewood entities?

19         MR. MILLER:  Those are -- the only documents that

20 fall into those categories are documents about the judgment

21 and the litigation and the bankruptcy because they didn't do

22 anything else.

23         When AMC Computer failed in 2005 and Eugenia

24 brought its now unsuccessful fraud claims in the Southern

25 District of New York, they also brought the guarantee action

1  against these debtors.  They had a books and records

2  inspection.  They did post-judgment discovery in Florida.

3  They did this involuntary bankruptcy proceeding.  There was,

4  obviously, a lot of correspondence and pleadings and

5  research regarding all those issues which exists.  We don't

6  dispute that for a second and it is certainly within --

7            THE COURT:  And --

8            MR. MILLER:  -- the control of these debtors.

9            THE COURT:  -- and the trustee has waived the --

10  the trustee has waived the privilege in connection with

11  those documents.  So the issue really comes down to the

12  privilege issue, the joint defense privilege issue.

13            MR. MILLER:  I think, Your Honor, the issue with

14  respect to those other documents comes down to whether they

15  are in furtherance of the bankruptcy case.  I think for

16  several reasons the debtors should not have to produce to

17  Eugenia all the internal documents and correspondence about

18  the lawsuit that Eugenia brought.

19            Number one, there was a pending appeal in the

20  appellate division in New York of the judgment amount that

21  was stayed when Eugenia filed this involuntary petition

22  several days before oral argument was scheduled in New York.

23  So that case is still alive and when this bankruptcy case is

24  concluded, presumably we'll continue prosecuting the appeal

25  of the judgment amount in New York.  Maybe we'll succeed,

1  maybe not, but it's certainly not in the interest of the

2  debtors to turn over all of their internal work product and

3  correspondence to their adversary in a case that's still

4  alive, and still pending, and still has an appeal going on

5  in New York.  That's one important consideration.

6         Second, Your Honor, what possibly could be

7  gleaned from the documents I'm describing that would reveal

8  any claims or any assets that the debtor has?  The only

9  potential claim that could be revealed from reviewing all of

10 the litigation files of these debtors --

11         THE COURT:  Well, and I don't want to speculate,

12 but let's assume arguing, though, that Mr. Glaser or

13 Maplewood breached a fiduciary duty to the debtor.

14         MR. MILLER:  Uh-huh.

15         THE COURT:  The debtor is defending a lawsuit for

16 breach of contract in connection with Eugenia.  Eugenia

17 sues.  Debtor waives liability.  All right.  Why do they

18 waive liability?  Well, they know they have no assets on

19 their books and they want to protect themselves, Maplewood

20 and Mr. Glaser.  And so there's a fight going on.  They say,

21 all right, but we'll fight damages, and they continue to do

22 that.

23         The -- Eugenia would take, I think, the position

24 that there may be derivative causes of action on behalf of

25 the debtor against Maplewood and against Mr. Glaser for the

1   breach of that duty, and maybe it makes them jointly and

2   severally liable and the debtors can go after Maplewood and

3   Eugenia if -- to get, in effect, enough money to pay the

4   damages to Eugenia and --

5           MR. MILLER:  Uh-huh.

6           THE COURT:  -- whatever other creditors are owed.

7   There are about five assumptions in there.  But isn't that

8   an argument that, well, yeah, it is relevant for purposes --

9   and I think it's important to focus, and maybe their motives

10  aren't pure.  No one's motives are pure in Chapter 11 except

11  mine.

12      (Laughter)

13          THE COURT:  But the point of this is, you know,

14  you say Eugenia, Eugenia, Eugenia.  I think you need to

15  focus on Eugenia acting under 2004, in effect, on behalf of

16  the estate.

17          MR. MILLER:  Certainly.

18          THE COURT:  So when I think -- so I'm thinking,

19  estate, estate, estate, and are there documents that are --

20  that come from the litigation between the debtor and Eugenia

21  on the judgment --

22          MR. MILLER:  Uh-huh.

23          THE COURT:  -- that might be relevant to some

24  claim that the debtor might have against another third

25  party.

1          MR. MILLER:  All right.  Potentially, let's

2    assume that they could have a claim of malpractice because

3    all the documents we're talking about are only documents in

4    defending the judgment amount.  So let's say that the

5    debtors think that my firm and Stevens & Lee committed

6    malpractice in defending the guarantee action.  Well, that's

7    absurd, Your Honor, because the only way that Eugenia would

8    be arguing that we committed malpractice would be if they

9    say, well, they were never entitled to their judgment in the

10   first place, or they weren't entitled to their judgment of

11   $10 million.  I mean, that just doesn't even pass the smell

12   test.

13          So I don't think that there's any purpose in

14   letting Eugenia look at our internal work product regarding

15   the litigation to pursue a potential malpractice claim in

16   our defense of the litigation that we all know is absurd

17   because the only way there could be a malpractice claim

18   would be if they weren't entitled to the judgment that

19   they're here before Your Honor today on.

20          So that's one -- that's the main claim that one

21   can see --

22          THE COURT:  But who's going to investigate on

23   behalf of the debtor?

24          MR. MILLER:  We already offered the trustee that

25   if they want to look at that, they're free to do so, but

1   they indicate that they don't see any source of payment for

2   this.  So, I mean, I think this is up to the trustee.  If

3   the trustee wants to look through all of our litigation work

4   files, we have absolutely no problem with that.  Our problem

5   is with letting Eugenia, the adversary to a live case,

6   review all those documents.

7         So that's what I think -- that's the claim that

8   could potentially come out of these litigation documents.

9         The only other claim that possibly could be

10  raised would be the breach of fiduciary duty claim that Your

11  Honor mentioned.

12        So let's assume that the debtors think they have

13  a breach of fiduciary duty claim for -- not for the

14  litigation, but for something that happened at AMC Computer

15  against Mr. Glaser, against Maplewood, against Eugenia,

16  against anybody they want to try to sue.  Let's assume that

17  the debtors have a potential breach of fiduciary duty claim,

18  which we think that the trustee certainly is entitled to

19  investigate to see whether there is anything there.

20  Obviously, we don't believe there is anything.  But we

21  understand that that's a valid purpose of this 2004

22  examination.

23        Now the Second Circuit has affirmed a grant

24  summary judgment on fraud claims and breach of fiduciary

25  duty claims with respect to AMC Computer against Mr. Glaser,

1    against the other people associated with Maplewood, against

2    the directors of AMC Computer, and in so doing, the Second

3    Circuit said that there is no -- there was no claim for

4    breach of fiduciary duty against AMC Computer.  These

5    debtors, their sole asset is stock in AMC Computer.

6            So the only potential breach of fiduciary duty

7    that Mr. Glaser could have committed against these debtors

8    would have to be the same breach of fiduciary duty that's

9    already been denied by the Southern District of New York and

10   by the Second Circuit.  It would be a derivative claim.

11   These debtors might have a derivative claim against Mr.

12   Glaser, the other directors of AMC Computer for what caused

13   AMC Computer to fail.

14           Well, Your Honor, that derivative claim already

15   was brought.  It was brought by Eugenia in the Southern

16   District of New York, which granted the defendants' summary

17   judgment.  That summary judgment was affirmed on those

18   breach of fiduciary duty claims, the derivative claims.

19           So that's why I think under these facts, Your

20   Honor, you can see that there's really no other claims here.

21   What needs to happen is to get this matter concluded, we've

22   produced all the documents of AMC Investors, other than the

23   litigation files which, as I mentioned, we don't think would

24   further the bankruptcy case and, therefore, should not be a

25   proper subject of the Rule 2004 examination.

1          THE COURT:  And I just want to be clear.

2          MR. MILLER:  Certainly.

3          THE COURT:  Had you -- you have, just cause --

4   you have in -- you have reviewed documents in Mr. Glaser's

5   and in Maplewood's possess and custody and control in

6   connection with responding and producing documents?

7          MR. MILLER:  Yes, we have, Your Honor.

8          THE COURT:  All right.

9          MR. MILLER:  Now I think I lost my train of

10  thought a second.

11         Oh, what I was going to say, Your Honor, is that

12  this matter, I think, really needs to be brought to a

13  conclusion and the way to bring it to a conclusion is Your

14  Honor already directed that Eugenia can take the deposition

15  of Mr. Glaser.  Obviously, he doesn't want to do that and we

16  don't want to do that, but we respect Your Honor's ruling.

17  Let them take his deposition and ask him, do you have any

18  other bank accounts; did these -- did these debtors breach

19  that provision of the credit agreement that says they're not

20  allowed to do anything other than hold stock in AMC

21  Computer; did they enter into --

22         THE COURT:  Now --

23         MR. MILLER:  -- any other contracts?

24         THE COURT:  Yeah, but you don't take an -- you

25  don't take a deposition until you have the documents.

1          MR. MILLER:  But they have the documents, Your

2   Honor.  We already --

3          THE COURT:  But --

4          MR. MILLER:  -- produced the documents.  That's

5   the main point that's getting --

6          THE COURT:  But they say they don't.

7          MR. MILLER:  -- lost here.

8          THE COURT:  See, that's -- that's --

9          MR. MILLER:  And as I mentioned, Your Honor, the

10  only -- I'll --

11         THE COURT:  They --

12         MR. MILLER:  The only other documents --

13         THE COURT:  They want documents they don't have

14  and they don't want to take the investigation until I tell

15  them one way or the other that they get -- that they get

16  those documents --

17         MR. MILLER:  Of course.  And I submit --

18         THE COURT:  -- or not.

19         MR. MILLER:  -- that that's -- and I submit that

20  that's what Your Honor should do at this point is we've

21  produced all the documents.  The only other thing are the

22  defense of the guarantee claim in the involuntary bankruptcy

23  which is not something that's appropriate for them to review

24  and wouldn't further the bankruptcy estate.  What would

25  further the bankruptcy estate is to let them get on with --

1          THE COURT:  Well, that's --

2          MR. MILLER:  -- this --

3          THE COURT:  There are two different pieces.

4    Okay.  There's the litigation over the judgment --

5          MR. MILLER:  Correct.

6          THE COURT:  -- that's stayed because of the

7    filing that may go forward at some point --

8          MR. MILLER:  Yes, Your Honor.

9          THE COURT:  -- that they're an adverse party to -

10   -

11         MR. MILLER:  Correct.

12         THE COURT:  -- to the debtor.  Then there's the

13   documents in connection with the involuntary filing. Who

14   filed the involuntary?

15         MR. MILLER:  Eugenia did.

16         THE COURT:  Eugenia.  So the defense of the

17   involuntary filing --

18         MR. MILLER:  Correct.

19         THE COURT:  -- by the debtor.

20         MR. MILLER:  That's correct, Your Honor.

21         THE COURT:  Okay.  Now that's a -- that's a

22   different bucket, if you will, and tell me why it would be

23   inappropriate to produce that bucket.

24         MR. MILLER:  Because I don't see how that would

25   further the estates either.  I don't know what claims or

1  assets would be revealed by producing drafts of our motion

2  to dismiss the involuntary bankruptcy proceeding or emails

3  with the Maplewood parties about this Rule 2004 examination

4  and the document production and the brief that we filed.

5  What claims or assets possibly could be revealed from that

6  exercise, Your Honor?  Nothing.

7            THE COURT:  All right.  Thank you.

8            MR. MILLER:  Thank you.

9            THE COURT:  Ms. Dube, may I quiz you?

10           MS. DUBE:  You certainly may, Your Honor.

11           THE COURT:  Good morning.

12           MS. DUBE:  Dale Dube of Cooch & Taylor on behalf

13  of Jeffrey Burtch, the Chapter 7 Trustee.

14           THE COURT:  All right.  What's Mr. Burtch's

15  position in connection with the 2004, if he has one?

16           MS. DUBE:  To be honest, Your Honor, he is really

17  focused on just two issues:  Are there assets, and if there

18  are, are they available for liquidation to benefit the

19  creditors of the estate.

20           THE COURT:  Right.

21           MS. DUBE:  And if the answer to either of those

22  is no, you know, he really has no interest or no ability --

23           THE COURT:  Right.

24           MS. DUBE:  -- to pursue litigation on behalf of

25  the estate.  As Your Honor is aware, the U.S. Trustee's

1  Office pays the Chapter 7 trustees a flat rate of $60 for no

2  asset cases, and unless we --

3          THE COURT:  At this time there's been no cash

4  that's been found.

5          MS. DUBE:  No.

6          THE COURT:  Although he -- he did file a motion

7  to change it from a no asset case to an asset case?

8          MS. DUBE:  He's required to do that if he has not

9  been able to submit the certification that it's no asset by

10  a date certain --

11          THE COURT:  Right.

12          MS. DUBE:  -- then he must convert it.

13          THE COURT:  Right.  The debtors have offered to

14  make the litigation files, I think in connection with the

15  involuntary as well as the judgment action, available to Mr.

16  Burtch.  I assume he hasn't undertaken the task of doing

17  that given no funding?

18          MS. DUBE:  He and I had not discussed that

19  option, Your Honor.  If it would give the Court greater

20  clarity as to, maybe, how it wants to go with respect to

21  this --

22          THE COURT:  No.

23          MS. DUBE:  -- I'll volunteer to do it on my own

24  time, but --

25

1          THE COURT:  Well, no.  That's -- but he's waived

2    the privilege in connection with those documents?

3          MS. DUBE:  That is my understanding.  I was not

4    at the last hearing, but my understanding is that he had

5    waived all of the privilege on behalf of the debtors.

6          THE COURT:  All right.  And does he take any

7    position on whether there is, in fact, a joint privilege or

8    simply is he taking the position that he can't waive another

9    party's privilege and if it's a joint privilege, it's a

10   joint privilege?

11         MS. DUBE:  I believe the -- you know, his view is

12   that unless there is some evidence to indicate that there's

13   an alter ego or something that would allow one to pierce

14   the, what appears to be separate legal entities who are

15   asserting this joint privilege, then he would respect the

16   joint privilege.

17         THE COURT:  Okay.  All right.  Thank you.

18         MS. DUBE:  You're welcome, Your Honor.

19         THE COURT:  Mr. -- I'm sorry.  Mr. --

20         MR. FALEK:  Falek, Your Honor.

21         THE COURT:  Falek.  Thank you.  Sorry.

22         MR. FALEK:  Oh, no problem.

23         I have to admit it's all but speculation of what

24   the claims might be or might not be.  I'm happy to take that

25

1  on because I think there are different claims in the Second

2  Circuit.  But that's not what brings me here.

3           I understood for the first time --

4           THE COURT:  Well --

5           MR. FALEK:  Oh.

6           THE COURT:  -- counsel has told me --

7           MR. FALEK:  Yeah.

8           THE COURT:  -- that he looked at -- that they

9  reviewed everything Maplewood had, everything Mr. Glaser

10  had, and everything the debtor had that was -- might be

11  responsive to your docs and that you have everything, other

12  than the litigation documents where you're an adverse party

13  and the defense of the involuntary case.

14           So absent some evidence he's lying to me, and he

15  does that at his own peril and it's serious peril, I think

16  we're narrowed -- and I know you just heard that for the

17  first time this morning.  So tell me why you should get

18  those two buckets of documents?

19           MR. FALEK:  Well, if I might suggest, Your Honor,

20  that there's a different question, which is whether or not

21  computer searches were run.  They -- what I -- I don't

22  disagree with you.  I certainly don't accuse Mr. Miller of

23  lying at all.  What I'm saying is have -- my question and my

24  question is still they say -- they make these arguments

25  about there's no servers with the debtors.  Have -- has --

1  have searches been run for the guarantors -- I don't know

2  the answer to this -- for the guarantors and Maplewood's

3  computers?

4          For example, Your Honor asked, did Mr. Glaser

5  communicate with the debtors.  Well, I don't know, and I

6  think the way -- if the debtors don't have computers, as

7  they say, the way to do that in every other litigation I've

8  been a part of is to run word searches against Mr. Glaser's

9  computer for debtors, to run word searches against Mr.

10  Augustin's computer, who I believe is no longer employed

11  there because I have evidence that there's been

12  communications with both of these folks.

13          So I'm not disagreeing that in whatever he's

14  looking at, he's given us everything we have.  My question

15  is with the process and what -- has everything been

16  searched.  I don't know the answer to that.

17          THE COURT:  Well, let me ask --

18          MR. FALEK:  Yeah.

19          THE COURT:  -- Ms. Pourakis -- no, Mr. Miller.

20  I'm sorry.  What have you done in connection with searching

21  computers?  And I understand the concept there's no server.

22          MR. MILLER:  Right.

23          THE COURT:  Not everybody's running a big server.

24  People have stand-alone computers and maybe they have a

25  local area network or something where they can share

1  information, but they're not necessarily saving it on a

2  central server.  So what have you done in connection with

3  searching the computers?

4         MR. MILLER:  We did not perform -- I'm sorry,

5  Your Honor.  We did not perform any kind of search, for

6  example, of hiring a company and spending a lot of money to

7  go out and look for the words, "AMC Investors" in the

8  servers, for example.  What we did --

9         THE COURT:  Well, you have servers?

10        MR. MILLER:  Well, Maplewood has servers.  The

11 debtors don't have servers.  I mean, the idea -- first of

12 all, the idea that Mr. Glaser could correspond with the

13 debtors is a little bit absurd because the debtors are just

14 shell companies.  There may be emails by Mr. Glaser or other

15 people at Maplewood, and there are emails by Mr. Glaser and

16 other people at Maplewood discussing AMC Investors'

17 business.  And we had searched previously for documents

18 regarding AMC Investors when they did the books and records

19 examination, and we produced those.

20        THE COURT:  Searched on the computers?

21        MR. MILLER:  Yes.  We did at that point in time.

22 We did not do a new search this time because we know and we

23 discussed with our client that the only other documents and

24 emails are emails regarding the litigation and the

25 involuntary bankruptcy proceeding.

1          THE COURT:  That -- they've told you that, but

2    you haven't actually looked for them?

3          MR. MILLER:  We -- I guess the way I would put it

4    is that we've done an awful lot of searching and document

5    production in the fifteen or twenty lawsuits that have been

6    filed regarding AMC Computer over the last five years.  So

7    we have done a lot of searching and I'm very familiar with

8    what's in their servers and what's not, and I felt

9    comfortable on that discussion in my experience over the

10   last five years billing thousands of hours on these lawsuits

11   to know that what they're saying is true.

12          I do not think it's a wise use of resource or

13   productive to perform -- to hire a company, to spend money,

14   to conduct a search of the servers at Maplewood for the

15   words "AMC Investors" which are going to turn up the emails

16   and communications that are in the bills regarding the

17   lawsuit and the involuntary bankruptcy proceeding that Mr.

18   Falek's already mentioned.

19          MR. FALEK:  Your Honor, if I might.  The ball

20   keeps moving.  We keep talking about the Eugenia lawsuits.

21   Respectfully, as much as I respect and I really do, Mr.

22   Miller's ability as a lawyer, how does he know that Robert

23   Glaser didn't -- I'm speculating -- didn't send an email

24   even last year saying, okay, look, we have money in this

25   joint account that we're paying the Maplewood bill -- we're

1  paying these bills with.  Maybe we should move it because

2  that could be attached now that the decision is final.  We

3  just don't know this.

4          What I'm asking for is a search, not a search

5  where he says, well, I did a search two years ago and now I

6  hear from Mr. Glaser that we don't have anything.  We're

7  entitled, as Your Honor respectfully already so ruled --

8  these arguments were to be made and were made prior and now

9  we're back here again.  Possession, custody or control.

10  He's supposed to go through and when I get -- when I hear

11  from my client possession, custody and control, we do

12  searches.  That's the way to do it.  It's put forth in its

13  possession, custody or control.

14          And the other point that doesn't make sense to

15  me, and it might be me, is he keeps saying that there are

16  all these other documents that are privileged.  Well, then,

17  why weren't they logged?  I mean, nothing -- things don't

18  add up here.  I'm just asking for answers for five years

19  now, not in Your Honor's court, but this keeps happening in

20  one court or another.  This is why we're here.  It keeps

21  happening in one court or another.

22          We keep hearing, well, we don't know if you have

23  assets.  We couldn't have assets because there's a contract.

24  Well, maybe you didn't file the contract.  Well, but we

25  looked at documents three years ago in connection with these

1 certain -- these litigations which we weren't even a party

2 to.

3          So my point is we don't have any clear answers.

4 At a minimum we should get an -- I respectfully request an

5 affidavit on exactly what search terms were done because,

6 Your Honor, this isn't just happening today.  We asked them

7 these questions.  We did not want to come back here, I

8 assure you, respectfully, Your Honor, on a discovery matter.

9 We asked them at the -- in a letter, which we attached to

10 our papers, what exactly did you do.  They said, the search

11 was -- the search was sufficient, end of story.

12          We called them.  Marcos and I called them, Mr.

13 Rames and I -- just tell us what you did, tell us what you

14 did so maybe we could avoid this whole matter, and we never

15 heard.  Today we hear for the first time that we have

16 everything, but we still don't hear that the proper searches

17 were made.

18          Respectfully, Your Honor, if there isn't some

19 clarity given right now, this is going to continue, as it

20 has for five years.  So what I'm asking for is simple full

21 compliance with the prior order for the shell game stops the

22 Maplewood discovery, a certification on what was done, and

23 our costs because, as I said, these arguments were all made

24 prior.

25

1          I just don't think the answers are being given

2     here.  They make sense, but none of them -- I can't take Mr.

3     Miller's word for any of this.

4               THE COURT:  Okay.

5               MR. FALEK:  Thank you.

6               THE COURT:  Any more argument, Mr. Miller?  I'll

7     give you the last -- the last word.

8               MR. MILLER:   Thank you, Your Honor.

9          I stand by the search that we did.  I think it

10    was reasonable under the circumstances.  I don't think it's

11    productive to conduct an expensive electronic search of AMC

12    Investors in the emails.

13         If Your Honor's inclined to order anything, I

14    think we need specific instructions on what to do because,

15    frankly, I don't know what it is they're looking for and

16    where exactly they want us to go because we produced

17    everything about AMC Investors except for the litigation

18    documents.

19         And, finally, Your Honor, Mr. Falek's right.

20    This has been going on for five years.  We've produced

21    thousands and thousands of documents, everything about AMC

22    Computer, which also included AMC Investors in the federal

23    case.  We gave a books and records inspection.  They took

24    post-judgment discovery.

25

1       Eugenia took the deposition of Maplewood's

2  controller to find out whether these debtors had any other

3  assets, any other bank accounts, any other claims that might

4  be in existence.  Eugenia already did that several years

5  ago.  They already know the answer to these questions is,

6  no.  There's nothing else out there.  This is just pure

7  harassment and we would like to ask the Court to try to

8  reign this in, put a stop to it.

9       Thank you.

10       THE COURT:  You're welcome.

11       Give me just a moment, please.  I want to look

12  something up.

13       (Pause)

14       THE COURT:  Okay.  Sorry.  Unfortunately, I

15  didn't find what I was looking for, but here we go.

16       All right.  Let's start with the documents that

17  have been reviewed by the debtor and the real open issues I

18  feel there are whether Eugenia should receive the documents,

19  the attorney/client documents or the litigation file in

20  connection with the judgment litigation and the defense of

21  the involuntary.

22       Because of the ongoing litigation, I believe that

23  producing those documents to Eugenia is not appropriate.

24       Now the trustee, of course, can review them, but

25  we have the issue that the trustee has no funds to review

1 them.  One possible suggestion is to figure out a way to

2 fund the trustee's review.  I would require no -- motion and

3 a notice of a hearing.  But, for example -- and I'm not

4 asking anybody to write a check -- but Eugenia may volunteer

5 to pay those fees in consultation with Mr. Burtch, of

6 course.  Anything that Mr. Burtch would ultimately -- or Ms.

7 Dube would ultimately be paid would be subject to Court

8 approval, of course.

9          That's just one -- one way, perhaps, you want to

10 go.  But the bottom line is those documents aren't going to

11 Eugenia.

12          In connection with Maplewood and Mr. Glaser, I am

13 going to require a search of Maplewood and Mr. Glaser's

14 desktops and servers on some agreed search terms.  I would

15 like you to work together on what those search terms should

16 be.  I think they should be narrowly tailored to focus on

17 communications and issues relating to AMC.  I'm sure they

18 have plenty of other documents and if the search terms are

19 too broad, we're going to get 10,000 hits and they're going

20 to spend a ton of money, which is wasteful, reviewing

21 thousands of emails and that's not helpful for anybody.

22          So I think you should focus very narrowly on some

23 search terms.  If you can't agree, get me on the phone and

24 I'll decide, although, myself, I'm not the greatest with

25

1 computers.  But, hopefully, I can come up with some search

2 terms that make sense.

3          I don't know whether Maplewood's going to have to

4 hire somebody to do that or whether their internal IT people

5 can do it, but I'll have to leave that to them.  I mean, I

6 know how to search for something on my hard drive.  Of

7 course, I never get a hit, so maybe --

8      (Laughter)

9          THE COURT:  -- maybe I don't know to search for

10 something on my hard drive.  But I'll let you guys work that

11 out.

12          There is a protocol we're adopted that was based

13 on the letter from our District Court that I can't find,

14 which is what I was looking for.  But if you want to have a

15 look at that, go ahead.  But, basically, it says what I just

16 said.

17          I find that all other elements at this point,

18 other than the deposition of Mr. Glaser, which has yet to be

19 asked for, have been fulfilled and my order has been

20 satisfied.  So the open issues are Maplewood and Mr. Glaser

21 will do that search and produce the results and -- or

22 privilege -- and/or privilege log to Eugenia under the Rule

23 2004 motion.  Please copy Mr. Burtch with any documents you

24 produce.

25

1          The only party who shall have access to the

2    litigation documents relating to the bankruptcy and the

3    judgment litigation will be Mr. Burtch.  I am not requiring

4    at this time for Mr. Burtch time to do anything with those

5    documents because he doesn't have the funding.  I leave it

6    to the parties to figure out how to fund that, if they wish.

7          And I would ask somebody to submit me a form of

8    order.  Mr. Rames --

9          MR. RAMES:  Yes, sir.

10         THE COURT:  -- obviously, consult with Mr. Burtch

11   -- or Ms. Dube and Ms. Sawczuk.

12         Okay.  I'm not going to award fees or costs.  I

13   think the -- I think there are sufficiently open issues here

14   that it was not inappropriate to come back to court.  So no

15   fees, no costs, and put that in the order, please, at this

16   time, obviously, without prejudice to issues going forward

17   after today.

18         Anything further for today?

19      (No verbal response)

20         THE COURT:  Hopefully, I didn't make -- I wasn't

21   too confusing.

22         MR. RAMES:  No, Your Honor.

23         THE COURT:  All right.  Very good.  Have a

24   pleasant day.  Hearing adjourned.

25         MR. MILLER:  Thank you, Your Honor.

1          MR. FALEK:  Thank you, Judge.

2     (Whereupon, at 9:50 a.m., the hearing was adjourned.)

3                    CERTIFICATION

4          I certify that the foregoing is a correct

5     transcript from the electronic sound recording of the

6     proceedings in the above-entitled matter.

7

8

9  _____        _17 March 2010_
   Transcriber                                      Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**a.m**(3) 1:19  3:1  34:2

**ability**(2) 20:22  26:22

**able**(1) 21:9

**about**(15) 4:23  5:8  6:2  6:4  10:13  10:15  10:20  11:17  13:7  14:3  20:3  23:25  26:20  29:17  29:21

**aboveentitled**  (1) 34:6

**absent**(1) 23:14

**absolutely**(1) 15:4

**absurd**(3) 14:7  14:16  25:13

**access**(1) 33:1

**account**(2) 6:15  26:25

**accounts**(2) 17:18  30:3

**accuse**(1) 23:22

**acknowledged**(1) 10:2

**acting**(1) 13:15

**action**(4) 10:25  12:24  14:6  21:15

**actually**(2) 8:25  26:2

**add**(1) 27:18

**address**(1) 5:5

**adjourned**(2) 33:24  34:2

**admit**(1) 22:23

**admitted**(3) 3:14  3:17  3:18

**adopted**(1) 32:12

**adversary**(2) 12:3  15:5

**adverse**(2) 19:9  23:12

**affidavit**(1) 28:5

**affiliated**(2) 5:1  5:3

**affirmed**(2) 15:23  16:17

**after**(2) 13:2  33:17

**afternoon**(1) 3:16

**again**(1) 27:9

**against**(16) 11:1  12:25  12:25  13:24  15:15  15:15  15:15  15:16  15:25  16:1  16:1  16:4  16:7  16:11  24:8  24:9

**ago**(3) 27:5  27:25  30:5

**agree**(1) 31:23

**agreed**(1) 31:14

**agreement**(1) 17:19

**ahead**(1) 32:15

**aig**(1) 9:1

**akerman**(3) 1:42  3:13  8:5

**alive**(2) 11:23  12:4

**all**(38) 3:3  7:23  8:7  8:19  9:17  9:18  9:20  9:23  9:23  10:6  10:10  11:5  11:17  12:2  12:9  12:17  12:21  14:1  14:3  14:16  15:3  15:6  16:22  17:8  18:21  20:7  20:14  22:6  22:17  22:23  23:23  25:12  27:16  28:23  30:16  32:17  33:23

**allow**(1) 22:13

**allowed**(1) 17:20

**already**(11) 6:23  8:10  14:24  16:9  16:14  17:14  18:2  24:8  27:7  30:4  30:5

**also**(6) 7:1  7:11  7:22  10:15  10:25  29:22

**alter**(1) 22:13

**although**(2) 21:6  31:24

**amc**(21) 8:13  8:15  10:23  15:14  15:25  16:2  16:4  16:5  16:12  16:22  17:20  25:7  25:16  25:18  26:6  26:15  29:11  29:17  29:21  29:22  31:17

**amount**(4) 5:9  11:20  11:25  14:4

**analysis**(2) 9:16  9:21

**and**(160) 1:35  3:12  3:15  3:19  3:23  3:25  4:10  5:5  5:18  5:22  6:19  6:23  6:24  6:24  7:7  7:12  7:13  7:16  7:17  7:17  7:21  8:8  8:12  8:14  8:19  8:21  9:2  9:2  9:5  9:14  9:17  9:18  10:3  10:4  10:10  10:16  10:16  10:17  10:17  10:18  10:21  10:21  10:23  11:1  11:4  11:4  11:6  11:7  11:9  11:17  11:23  12:2  12:4  12:4  12:11  12:19  12:20  12:20  12:21  12:25  13:1  13:1  13:2  13:2  13:4  13:9  13:9  13:19  13:20  14:5  15:24  16:2  16:9  16:24  17:1  17:5  17:5  17:6  17:13  17:15  17:17  18:9  18:14  18:17  18:19  18:24  19:22  20:4  20:4  20:17  20:21  21:2  21:18  22:6  22:9  23:10  23:11  23:13  23:14  23:15  23:16  23:23  24:2  24:5  24:15  24:21  24:24  25:6  25:7  25:15  25:15  25:17  25:18  25:19  25:23  25:24  26:4  26:7  26:8  26:8  26:16  26:17  26:21  27:5  27:8  27:8  27:10  27:11  27:14  27:15  28:12  28:13  28:14  28:22  29:15  29:19  29:21  29:23  30:7  30:17  30:22  31:2  31:3  31:12  31:13  31:14  31:17  31:18  31:19  31:21  31:23  32:19  32:20  32:21  32:21  33:2  33:7  33:11  33:15

**and/or**(1) 32:22

**another**(5) 6:17  13:24  22:8  27:20  27:21

**answer**(7) 7:13  7:14  7:24  20:21  24:2  24:16  30:5

**answers**(4) 7:15  27:18  28:3  29:1

**any**(17) 7:24  8:12  12:8  14:13  15:1  17:17  17:23  22:6  25:5  28:3  29:3  29:6  30:2  30:3  30:3  32:23

**anybody**(3) 15:16  31:4  31:21

**anything**(10) 8:13  10:22  15:19  15:20  17:20  27:6  29:13  31:6  33:4  33:18

**anywhere**(1) 8:12

**apologize**(1) 4:22

**appeal**(3) 11:19  11:24  12:4

**appears**(1) 22:14

**appellate**(1) 11:20

**apply**(1) 8:25

**appropriate**(2) 18:23  30:23

**approval**(1) 31:8

**april**(2) 1:18  3:1

**aprile**(1) 1:30

**are**(35) 5:1  5:2  5:10  5:19  8:11  9:18  10:10  10:19  10:20  11:15  13:6  13:7  13:10  13:19  13:19  14:3  18:21  19:3  20:17  20:18  20:18  22:14  23:1  25:13  25:15  25:24  26:15  26:16  27:15  27:16  29:1  30:18  31:18  32:20  33:13

**area**(1) 24:25

**aren't**(2) 13:10  31:10

**argue**(1) 7:16

**arguing**(2) 12:12  14:8

**argument**(5) 5:23  6:8  11:22  13:8  29:6

**arguments**(4) 5:24  23:24  27:8  28:23

**ask**(5) 7:3  17:17  24:17  30:7  33:7

**asked**(4) 24:4  28:6  28:9  32:19

**asking**(10) 6:24  7:1  7:9  7:10  7:11  7:22  27:4  27:18  28:20  31:4

**asserting**(2) 22:15

**assess**(1) 10:1

**asset**(6) 6:6  16:5  21:2  21:7  21:7  21:9

**assets**(12) 6:7  6:16  7:17  7:18  12:8  12:18  20:1  20:5  20:7  27:21  27:23  30:3

**associated**(1) 16:1

**assume**(5) 12:12  14:2  15:12  15:16  21:16

**assumptions**(1) 13:7

**assure**(1) 28:8

**attached**(2) 27:2  28:9

**attorney/client**(1) 30:19

**attorneys**(2) 5:15  5:16

**augustin**(2) 5:17  5:22

**augustin's**(1) 24:10

**available**(2) 20:18  21:15

**avenue**(1) 3:18  1:44  2:21

**avoid**(1) 28:14

**award**(1) 33:12

**aware**(1) 20:25

**away**(1) 7:7

**awful**(1) 26:4

**back**(6) 7:13  7:14  9:2  27:9  28:7  33:14

**background**(1) 4:24

**ball**(1) 26:19

**bank**(3) 8:16  17:18  30:3

**bankruptcy**(16) 1:1  1:24  8:22  10:13  10:21  11:3  11:15  11:23  16:24  18:22  18:24  18:2  20:2  25:25  26:17  33:2

**based**(1) 32:12

**basically**(1) 32:15

**because**(22) 7:1  7:6  7:12  7:15  10:21  14:2  14:7  14:17  19:6  19:24  23:1  24:11  25:13  25:22  27:1  27:23  28:25  28:23  29:14  29:16  30:22  33:5

**been**(19) 3:14  6:23  7:20  7:21  8:10  10:10  16:9  21:3  21:4  21:9  24:1  24:8  24:11  24:15  26:5  29:20  30:17  32:19  32:19

**before**(4) 1:23  6:21  11:22  14:19

**behalf**(12) 3:7  4:6  8:16  9:16  10:3  10:3  12:24  13:15  14:23  20:12  20:24  22:5

**being**(2) 6:18  29:1

**believe**(7) 5:13  5:17  7:12  15:20  22:11  24:10  30:22

**benefit**(1) 20:18

**better**(1) 6:12

**between**(4) 8:19  10:16  10:16  13:20

**big**(1) 24:23

**bill**(1) 26:25

**billing**(1) 26:10

**bills**(5) 5:6  5:15  5:16  26:16  27:1

**bit**(1) 25:13

**books**(4) 11:1  12:19  25:18  29:23

**both**(1) 24:12

**bottom**(1) 31:10

**box**(1) 2:9

**brandywine**(1) 2:7

**breach**(7) 12:16  13:1  15:10  15:13  15:17  15:24  16:4  16:6  16:8  16:18  17:18

**breached**(1) 12:13

**brian**(1) 1:43  3:13  8:4

**brief**(1) 20:4

**bring**(1) 17:13

**brings**(1) 23:2

**broad**(1) 31:19

**brought**(6) 10:24  10:25  11:18  16:15  16:15  17:12

**bucket**(2) 19:22  19:23

**buckets**(1) 23:18

**building**(1) 2:7

**burtch**(9) 2:4  20:13  21:16  31:5  31:6  32:23  33:3  33:4  33:10

**burtch's**(1) 20:14

**business**(1) 25:17

**but**(44) 5:9  6:4  6:6  6:15  6:20  7:1  7:7  7:20  8:25  12:1  12:12  12:21  13:7  13:13  14:22  14:25  15:14  15:20  17:16  17:24  18:3  18:6  21:24  22:1  22:4  22:23  23:2  25:1  26:1  27:19  27:24  28:16  29:2  30:15  30:24  31:3  31:4  31:10  32:1  32:5  32:15  33:14  32:15

**called**(2) 28:12  28:12

**came**(1) 7:14

**can**(12) 4:18  4:21  10:2  10:8  13:2  14:21  16:20  17:14  24:25  30:24  32:1  32:5

**can't**(4) 22:8  29:2  31:23  32:13

**carrier**(1) 9:3

**case**(16) 1:6  1:11  6:2  7:16  10:4  10:13  11:15  11:23  11:23  12:3  15:5  16:24  21:7  21:7  23:13  29:23

**cases**(1) 21:2

**cash**(1) 21:3

**categories**(1) 10:20

**cause**(1) 17:3

**caused**(1) 16:12

**causes**(1) 12:24

**central**(1) 25:2

**certain**(2) 21:10  28:1

**certainly**(9) 9:9  11:6  12:1  13:17  15:18  17:2  20:10  23:22

**certification**(3) 21:9  28:22  34:3

**certify**(1) 34:4

**change**(1) 21:7

**chapter**(6) 1:7  1:12  2:5  13:10  20:13  21:1

**check**(1) 31:4

**christopher**(1) 1:23

**circuit**(5) 6:3  15:23  16:3  16:10  23:2

**circumstances**(1) 29:10

**cited**(2) 10:4  10:5

**claim**(19) 6:5  6:10  8:25  12:9  13:24  14:2  14:15  14:17  14:20  15:7  15:9  15:10  15:13  15:17  16:3  16:10  16:11  16:14  18:22

**claims**(14) 9:16  9:21  10:24  12:8  15:24  15:25  16:18  16:18  16:20  19:25  20:5  22:24  23:1  30:3

**clarity**(2) 21:20  28:19

**clear**(4) 7:7  7:13  17:1  28:3

**clerk**(1) 3:3

**client**(4) 5:7  6:3  25:23  27:11

**closely**(2) 5:1  5:2

**co-counsel**(1) 4:8

**columbia**(1) 3:19

**come**(6) 7:13  13:20  15:8  28:7  32:1  33:14

**comes**(2) 11:11  11:14

**comfortable**(1) 26:9

**coming**(1) 6:14

**committed**(3) 14:5  14:8  16:7

**communicate**(1) 24:5

**communications**(5) 5:16  10:15  24:12  26:16  31:17

**companies**(2) 8:11  25:14

**company**(2) 25:6  26:13

**compliance**(3) 3:10  7:9  28:21

**complicated**(1) 4:24

**complied**(1) 6:25

**computer**(16) 8:13  8:15  10:23  15:14  15:25  16:2  16:4  16:5  16:12  16:13  17:21  23:21  24:9  24:10  26:6  29:22

**computers**(7) 24:3  24:6  24:21  24:24  25:3  25:20  32:1

**concept**(1) 24:21

**concluded**(2) 11:24  16:21

**conclusion**(2) 17:13  17:13

**conduct**(2) 26:14  29:11

**confusing**(1) 33:21

**connection**(12) 11:10  12:16  17:6  19:13  20:15  21:14  22:2  24:20  25:2  27:25  30:20  31:12

**consideration**(1) 12:5

**constantine**(2) 1:37  3:12

**consult**(1) 33:10

**consultation**(1) 31:5

**continue**(4) 7:16  11:24  12:21  28:19

**continued**(2) 2:2  6:1

**contract**(6) 6:10  6:13  7:17  12:16  27:23  27:24

**contracts**(2) 8:18  17:23

05/17/10 15:06:30

| Word | Page:Line |
|---|---|
| **control**(6) 10:17 11:8 17:5 27:9 27:11 | |
| **controller**(1) 30:2 | |
| **convert**(1) 21:12 | |
| **cooch**(2) 2:5 20:12 | |
| **copy**(1) 32:23 | |
| **correct**(9) 19:5 19:11 19:18 19:20 34:4 | |
| **correspond**(1) 25:12 | |
| **correspondence**(5) 9:2 10:11 11:4 11:17 12:3 | |
| **costs**(4) 7:12 28:23 33:12 33:15 | |
| **could**(13) 4:16 6:12 12:6 12:9 14:2 14:17 15:8 15:9 16:7 20:5 25:12 27:2 28:14 | |
| **couldn't**(1) 7:5 | |
| **couldn't**(1) 27:23 | |
| **counsel**(3) 3:26 10:1 23:6 | |
| **course**(5) 18:17 30:24 31:6 31:8 32:7 | |
| **court**(91) 1:1 3:4 3:6 3:12 3:17 3:20 3:22 3:24 4:2 4:4 4:12 4:14 4:17 4:20 8:1 8:3 8:20 9:7 9:10 9:13 10:6 10:15 11:7 11:9 12:11 12:15 13:6 13:13 13:18 13:23 14:22 17:1 17:3 17:8 17:22 17:24 18:3 18:6 18:8 18:11 18:13 18:18 19:1 19:3 19:6 19:9 19:12 19:22 22:1 22:6 22:17 20:9 20:11 20:14 20:20 20:23 21:3 21:6 21:11 21:13 21:19 21:22 22:1 22:6 22:17 22:19 22:21 23:4 23:6 23:8 24:17 24:19 24:23 25:9 25:20 26:1 27:19 27:20 27:21 29:4 29:6 30:7 30:10 30:14 31:7 32:9 32:13 33:10 33:14 33:20 33:23 | |
| **courtroom**(3) 1:14 3:11 4:7 | |
| **coverage**(1) 9:1 | |
| **credit**(1) 17:19 | |
| **creditors**(3) 8:15 13:6 20:19 | |
| **crutcher**(2) 2:19 4:9 | |
| **css**(2) 1:6 1:11 | |
| **custody**(5) 10:17 17:5 27:9 27:11 27:13 | |
| **dale**(2) 2:6 20:12 | |
| **damages**(2) 12:21 13:4 | |
| **data**(1) 1:51 | |
| **date**(2) 21:10 34:10 | |
| **day**(1) 33:24 | |
| **days**(1) 11:22 | |
| **debtor**(18) 1:8 1:15 5:7 6:16 10:16 10:17 12:8 12:13 12:15 12:17 12:25 13:20 13:24 14:23 19:12 19:19 23:10 30:17 | |
| **debtors**(40) 1:29 3:8 5:1 5:7 5:12 6:11 6:18 7:6 8:8 8:17 8:20 8:25 9:5 9:17 10:9 10:10 11:1 11:8 16:16 16:16 17:18 21:13 22:25 23:25 24:5 24:6 24:9 25:11 25:13 25:13 30:2 | |
| **decide**(1) 31:24 | |
| **decision**(1) 27:2 | |
| **defendants**(1) 16:16 | |
| **defending**(4) 10:12 12:15 14:4 14:6 | |
| **defense**(9) 9:18 9:24 10:1 11:12 14:16 18:22 19:16 23:13 30:20 | |
| **defunct**(2) 8:14 8:15 | |
| **delaware**(3) 1:2 1:16 3:1 | |
| **denial**(1) 9:2 | |
| **denied**(2) 9:1 16:9 | |
| **deposition**(5) 17:14 17:17 17:25 30:1 32:1 | |
| **derivative**(5) 12:24 16:10 16:11 16:14 | |
| **describing**(1) 12:7 | |
| **desktops**(1) 31:14 | |
| **diaz**(1) 1:51 | |
| **did**(28) 6:19 6:19 8:13 9:4 9:7 9:10 9:12 11:2 11:3 17:18 17:18 17:21 17:23 17:24 24:4 25:4 25:5 25:8 25:18 25:21 25:22 25:25 28:7 28:10 28:13 28:14 29:9 30:4 | |
| **didn't**(11) 5:20 5:20 5:21 6:19 6:20 7:13 10:21 16:23 22:6 27:24 33:20 | |

| Word | Page:Line |
|---|---|
| **didn't**(1) 30:15 | |
| **different**(4) 19:3 19:22 23:1 23:20 | |
| **directed**(1) 17:14 | |
| **directors**(2) 16:2 16:12 | |
| **disagree**(1) 23:22 | |
| **disagreeing**(1) 24:13 | |
| **discovery**(8) 6:20 7:8 7:11 8:22 11:2 28:8 28:22 29:24 | |
| **discussed**(2) 21:18 25:23 | |
| **discussing**(1) 25:16 | |
| **discussion**(1) 26:9 | |
| **dismiss**(1) 20:2 | |
| **dispute**(2) 5:9 11:6 | |
| **disputes**(1) 8:11 | |
| **district**(6) 1:2 3:19 10:25 16:9 16:16 32:1 | |
| **division**(1) 11:20 | |
| **docs**(1) 23:11 | |
| **document**(4) 5:21 5:22 20:4 26:4 | |
| **documents**(54) 5:13 5:19 5:23 8:8 8:10 8:17 9:5 9:15 9:20 9:23 10:8 10:11 10:17 10:19 10:20 11:11 11:14 11:17 12:7 13:19 14:3 14:3 15:6 15:8 16:22 17:4 17:6 17:25 18:1 18:4 18:12 18:13 18:16 18:21 19:13 22:2 23:12 23:18 25:7 25:22 27:16 27:25 29:18 29:21 30:16 30:18 30:19 30:23 31:10 31:18 32:23 33:2 33:5 | |
| **doesn't**(4) 14:11 17:15 27:14 33:5 | |
| **doing**(2) 16:2 21:16 | |
| **dollars**(1) 5:10 | |
| **don't**(41) 4:24 5:23 6:14 6:18 7:18 7:19 7:19 7:20 8:25 9:14 11:5 12:11 14:13 15:1 15:20 16:23 17:16 17:24 17:25 18:6 18:13 18:14 19:24 19:25 23:21 23:22 24:6 24:16 25:11 27:3 27:6 27:17 27:22 28:3 28:16 29:1 29:10 29:15 32:3 32:9 | |
| **done**(6) 24:20 25:2 26:4 26:7 28:5 28:22 | |
| **don't**(1) 24:5 | |
| **doubt**(1) 6:4 | |
| **down**(2) 11:11 11:14 | |
| **drafts**(1) 20:1 | |
| **drive**(2) 32:6 32:10 | |
| **dube**(18) 2:6 20:9 20:10 20:12 20:12 20:16 20:21 20:24 21:5 21:8 21:12 21:18 21:23 22:3 22:11 22:18 31:7 33:11 | |
| **dunn**(2) 2:19 4:8 | |
| **duty**(10) 12:13 13:1 15:10 15:13 15:17 15:25 16:4 16:6 16:8 16:16 16:18 | |
| **ecro**(1) 1:49 | |
| **effect**(2) 13:3 13:15 | |
| **ego**(1) 22:13 | |
| **either**(2) 19:25 20:21 | |
| **electronic**(1) 1:56 29:11 34:5 | |
| **elements**(1) 32:17 | |
| **else**(3) 9:6 10:22 30:6 | |
| **email**(2) 5:20 26:23 | |
| **emails**(9) 10:11 20:2 25:14 25:15 25:24 25:24 26:15 29:12 31:21 | |
| **employed**(1) 24:10 | |
| **end**(1) 28:11 | |
| **enforce**(1) 3:10 | |
| **enough**(1) 13:3 | |
| **enter**(1) 17:21 | |
| **entities**(1) 5:5 5:2 7:2 10:18 12:14 | |
| **entitled**(7) 6:7 6:23 14:9 14:10 14:18 15:18 27:7 | |
| **esq**(6) 1:30 1:37 1:43 2:6 2:14 2:20 | |
| **estate**(8) 13:16 13:19 13:13 13:19 18:24 18:25 20:19 20:25 | |
| **estates**(1) 19:25 | |

| Word | Page:Line |
|---|---|
| **eugenia**(35) 2:12 4:6 5:8 6:21 10:5 10:23 11:17 11:18 11:21 12:16 12:16 13:6 13:31 13:4 13:14 13:14 13:14 13:15 13:20 14:7 14:14 15:5 15:15 16:5 17:14 19:15 19:16 26:20 30:1 30:4 30:18 30:23 34:3 34:11 32:22 | |
| **eugenia's**(2) 3:9 3:26 | |
| **even**(7) 6:6 6:14 6:21 6:21 14:11 26:24 28:1 | |
| **ever**(1) 8:18 | |
| **every**(1) 24:7 | |
| **everybody's**(1) 24:23 | |
| **everyone**(1) 7:18 | |
| **everything**(9) 23:9 23:9 23:10 23:11 24:14 24:15 28:16 29:17 29:21 | |
| **evidence**(5) 8:12 8:23 22:12 23:14 24:11 | |
| **exact**(1) 5:4 | |
| **exactly**(4) 7:7 28:5 28:10 29:16 | |
| **examination**(5) 8:7 15:22 16:25 20:3 25:19 | |
| **example**(8) 6:9 6:10 6:17 7:5 24:4 25:6 25:8 31:3 | |
| **examples**(1) 5:15 | |
| **except**(2) 13:10 29:17 | |
| **execute**(1) 8:14 | |
| **executed**(1) 8:18 | |
| **exercise**(1) 20:6 | |
| **exist**(5) 5:13 5:23 9:20 10:8 10:10 | |
| **existence**(2) 6:18 30:4 | |
| **exists**(4) 9:4 9:6 10:14 11:5 | |
| **expensive**(1) 29:11 | |
| **experience**(1) 26:9 | |
| **face**(1) 7:13 | |
| **fact**(3) 5:5 10:4 22:7 | |
| **facts**(1) 16:19 | |
| **fail**(1) 16:13 | |
| **failed**(1) 10:23 | |
| **falek**(19) 2:20 4:8 4:9 4:13 4:15 4:18 4:21 8:2 22:20 22:20 22:21 22:22 23:5 23:7 23:19 24:18 26:19 29:5 34:1 | |
| **falek's**(2) 26:18 29:19 | |
| **fall**(1) 10:20 | |
| **familiar**(1) 26:7 | |
| **far**(1) 8:19 | |
| **favor**(1) 8:14 | |
| **federal**(1) 29:22 | |
| **feel**(1) 30:18 | |
| **fees**(6) 7:12 7:22 8:20 31:5 33:12 33:15 | |
| **felt**(1) 26:8 | |
| **few**(2) 5:15 8:19 | |
| **fiduciary**(9) 12:13 15:10 15:13 15:17 15:24 16:4 16:6 16:8 16:18 | |
| **fifteen**(1) 26:5 | |
| **fight**(2) 12:20 12:21 | |
| **figure**(2) 31:1 33:6 | |
| **file**(3) 21:6 27:24 30:19 | |
| **filed**(4) 11:21 19:14 20:4 26:6 | |
| **files**(4) 12:10 15:4 16:23 21:14 | |
| **filing**(3) 19:7 19:13 19:17 | |
| **final**(1) 27:2 | |
| **finally**(1) 29:19 | |
| **find**(5) 8:12 30:2 30:15 32:13 32:17 | |
| **finger**(2) 2:13 4:6 | |
| **firm**(1) 4:5 | |
| **first**(6) 8:7 14:10 23:3 23:17 25:11 28:15 | |
| **five**(6) 13:7 26:6 26:10 27:18 28:20 29:20 | |
| **flat**(1) 21:1 | |
| **floor**(3) 1:38 1:45 2:8 | |
| **florida**(3) 3:19 8:22 11:2 | |
| **focus**(4) 13:9 13:15 31:16 31:22 | |
| **focused**(1) 20:17 | |
| **folks**(1) 24:12 | |
| **follow**(1) 3:15 | |
| **followed**(1) 6:13 | |

| Word | Page:Line |
|---|---|
| **for**(60) 1:2 1:29 2:4 2:12 6:7 6:9 7:4 7:9 7:10 7:10 7:11 7:22 8:19 9:7 11:6 11:15 12:15 12:25 13:8 15:1 15:13 15:13 15:14 16:3 16:12 18:23 24:19 25:5 25:7 25:8 25:17 26:2 26:14 27:4 27:18 27:18 28:15 28:20 28:20 28:21 29:3 29:15 29:17 29:20 30:15 31:3 31:21 32:6 32:9 32:14 32:19 33:4 33:18 | |
| **foregoing**(1) 34:4 | |
| **form**(1) 33:7 | |
| **forth**(2) 9:2 27:12 | |
| **forward**(2) 19:7 33:16 | |
| **found**(1) 21:4 | |
| **frankly**(1) 29:15 | |
| **fraud**(2) 10:24 15:24 | |
| **from**(17) 3:12 3:12 3:13 4:8 5:21 5:22 6:14 8:5 12:7 12:9 13:20 20:5 21:7 27:11 27:11 32:13 34:5 | |
| **fulfilled**(1) 32:19 | |
| **full**(2) 10:8 28:20 | |
| **fully**(1) 10:5 | |
| **fund**(2) 31:2 33:6 | |
| **funding**(2) 21:17 33:5 | |
| **funds**(1) 30:25 | |
| **further**(6) 7:10 16:24 18:24 18:25 19:25 33:18 | |
| **furtherance**(1) 11:15 | |
| **game**(2) 7:2 28:21 | |
| **gave**(2) 8:21 29:23 | |
| **get**(11) 13:3 16:21 18:15 18:15 18:25 23:17 27:10 28:4 31:19 31:23 32:7 | |
| **getting**(1) 18:5 | |
| **gibson**(2) 2:19 4:8 | |
| **give**(4) 4:23 21:19 29:7 30:11 | |
| **given**(4) 21:17 24:14 28:19 29:1 | |
| **giving**(1) 6:9 | |
| **glaser**(22) 5:17 5:21 10:16 10:18 12:12 12:20 12:25 15:15 15:25 16:7 16:12 17:15 23:9 24:4 25:12 25:14 25:15 26:23 27:6 31:12 32:18 32:20 | |
| **glaser's**(3) 17:4 24:8 31:13 | |
| **gleaned**(1) 12:7 | |
| **going**(16) 3:26 6:4 12:4 12:20 14:22 17:11 26:15 28:19 29:20 31:10 31:13 31:19 31:19 32:3 33:12 33:16 | |
| **good**(13) 3:5 3:6 3:20 4:2 4:3 4:4 4:12 4:13 4:14 4:18 8:4 20:11 33:23 | |
| **grant**(1) 15:23 | |
| **granted**(2) 3:24 16:16 | |
| **greater**(1) 21:19 | |
| **greatest**(1) 31:24 | |
| **guarantee**(4) 8:14 10:25 14:6 18:22 | |
| **guarantors**(2) 24:1 24:2 | |
| **guess**(1) 26:3 | |
| **guys**(1) 32:10 | |
| **hac**(1) 3:14 | |
| **had**(11) 6:3 8:9 11:1 17:3 21:18 22:4 23:9 23:10 23:10 25:17 30:2 | |
| **handful**(1) 9:15 | |
| **happen**(1) 16:21 | |
| **happened**(1) 15:14 | |
| **happening**(3) 27:19 27:21 28:6 | |
| **happy**(3) 7:24 9:25 22:24 | |
| **harassment**(1) 30:7 | |
| **hard**(2) 32:6 32:10 | |
| **harrisburg**(1) 1:53 | |
| **has**(19) 3:13 10:2 11:9 11:10 12:4 12:8 15:23 20:15 20:22 21:8 23:6 23:25 24:15 25:10 28:20 29:20 30:25 32:18 32:19 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **hasn't**(1) 21:16 | | **invoices**(1) 8:19 | | **logged**(1) 27:17 | | **myself**(1) 31:24 | |
| **have**(68) 4:7 5:3 5:4 5:4 5:14 5:15 5:6 | | **involuntary**(12) 1:13 11:21 18:22 19:13 | | **longer**(1) 24:10 | | **name**(1) 5:17 | |
| 7:6 7:8 7:18 7:20 7:21 7:23 7:25 8:10 | | 19:14 19:17 20:2 21:15 23:13 25:25 26:11 | | **look**(8) 6:7 14:14 14:25 15:3 25:7 26:24 | | **narrowed**(1) 23:16 | |
| 9:22 10:10 11:16 12:18 13:24 14:2 15:4 | | 30:21 | | 30:11 32:15 | | **narrowly**(2) 31:16 31:22 | |
| 15:12 15:17 16:7 16:8 16:11 17:3 17:4 | | | | | | **necessarily**(1) 25:1 | |
| 17:4 17:7 17:17 17:25 18:1 18:13 21:13 | | **irrelevant**(1) 7:15 | | **looked**(3) 23:8 26:2 27:25 | | **need**(3) 6:20 13:14 29:14 | |
| 22:23 23:11 23:23 23:25 24:1 24:6 24:11 | | **isn't**(4) 7:4 13:7 28:6 28:18 | | **looking**(5) 5:13 24:14 29:15 30:15 32:14 | | **needs**(2) 16:21 17:12 | |
| 24:14 24:20 24:24 24:24 25:2 25:9 25:11 | | **issue**(8) 7:4 7:7 9:22 11:11 11:12 11:12 | | **lost**(2) 17:9 18:7 | | **network**(1) 24:25 | |
| 26:5 26:7 26:24 27:6 27:22 27:23 28:3 | | 11:13 30:25 | | **lot**(5) 6:4 11:4 25:6 26:4 26:7 | | **never**(3) 14:9 28:14 32:7 | |
| 28:15 30:17 30:25 31:18 32:3 32:5 32:14 | | | | **ltd**(1) 2:13 | | **new**(10) 1:39 2:22 10:25 11:20 11:22 | |
| 32:19 33:1 33:5 33:23 | | **issues**(7) 11:5 20:17 30:17 31:17 32:20 | | **lying**(2) 23:14 23:23 | | 11:25 12:5 16:9 16:16 25:22 | |
| | | 33:13 33:16 | | **made**(7) 5:11 8:24 9:1 27:8 27:8 28:17 | | | |
| **haven't**(1) 26:2 | | | | 28:23 | | **nobody**(1) 8:11 | |
| **he's**(3) 7:17 21:8 22:1 23:14 24:13 24:14 | | **it's**(16) 4:17 4:24 5:5 6:23 7:15 8:9 12:1 | | | | **none**(1) 29:2 | |
| 27:10 | | 13:9 21:9 22:9 22:9 22:23 23:15 26:12 | | **madison**(1) 1:38 | | **north**(3) 1:31 2:15 5:8 | |
| | | 27:12 29:10 | | **mailing**(1) 5:5 | | **not**(41) 3:13 4:17 5:13 6:2 6:15 6:19 7:6 | |
| **hear**(5) 8:3 27:6 27:10 28:15 28:16 | | | | **main**(2) 14:20 18:5 | | 10:3 10:10 11:16 12:1 12:1 15:13 16:24 | |
| **heard**(2) 23:16 28:15 | | **its**(3) 7:13 10:24 27:12 | | **make**(2) 3:14 21:14 23:24 27:14 29:2 32:21 | | 17:19 18:18 18:23 21:8 21:18 22:3 22:24 | |
| **hearing**(5) 22:4 27:22 31:3 33:24 34:2 | | **jeffrey**(2) 2:4 20:13 | | 33:20 | | 23:2 23:20 24:13 24:23 25:1 25:4 25:5 | |
| **held**(1) 7:17 | | **joint**(10) 9:18 9:24 10:1 11:12 22:7 22:9 | | | | 25:22 26:8 26:12 27:4 27:19 28:7 30:23 | |
| **helpful**(1) 31:21 | | 22:10 22:15 12:16 26:25 | | **makes**(1) 13:1 | | 31:3 31:21 31:24 33:3 33:12 33:14 | |
| **here**(19) 3:9 5:6 6:4 6:24 7:12 7:22 9:22 | | | | **malpractice**(5) 14:2 14:6 14:8 14:15 14:17 | | | |
| 10:12 14:19 16:20 18:7 23:2 27:9 27:18 | | **jointly**(1) 13:1 | | **many**(3) 5:9 8:10 9:15 | | **nothing**(3) 20:6 27:17 30:6 | |
| 27:20 28:7 29:2 30:15 33:13 | | **judge**(3) 1:23 1:24 34:1 | | **maplewood**(26) 5:2 5:6 5:18 7:2 7:8 7:11 | | **notice**(1) 31:3 | |
| | | **judgment**(17) 8:21 10:12 10:20 11:20 | | 9:17 10:16 10:18 12:13 12:19 12:25 13:2 | | **now**(15) 8:14 8:15 9:6 10:7 10:24 15:23 | |
| **him**(2) 4:11 17:17 | | 11:25 13:21 14:4 14:9 14:10 14:18 15:24 | | 15:15 16:1 20:3 23:9 25:10 25:15 25:16 | | 17:9 17:22 19:21 27:2 27:5 27:8 27:19 | |
| **hire**(2) 26:13 32:4 | | 16:17 16:17 19:4 21:15 30:20 33:3 | | 26:14 26:25 28:22 31:12 31:13 32:20 | | 28:19 30:24 | |
| **hiring**(1) 25:6 | | | | | | | |
| **his**(4) 5:17 17:17 22:11 23:15 | | **just**(23) 4:23 5:15 6:9 6:17 6:24 7:1 7:9 | | **maplewood's**(4) 17:5 24:2 30:1 32:3 | | **number**(1) 11:19 | |
| **hit**(1) 32:7 | | 9:7 14:11 17:1 17:3 20:17 23:16 25:13 | | **march**(1) 34:9 | | **numerous**(1) 5:16 | |
| **hits**(1) 31:19 | | 27:3 27:18 28:6 28:13 29:1 30:6 30:11 | | **marcos**(3) 2:14 4:5 28:12 | | **nutshell**(1) 7:23 | |
| **hold**(2) 6:11 17:20 | | 31:9 32:15 | | **maria**(2) 1:30 3:7 | | **objections**(2) 5:12 7:20 | |
| **holdings**(2) 2:13 4:6 | | **keep**(3) 7:17 26:20 27:22 | | **market**(2) 1:15 1:31 | | **obviously**(5) 11:4 15:20 17:15 33:10 33:16 | |
| **honest**(1) 20:16 | | **keeps**(4) 26:20 27:15 27:19 27:20 | | **matter**(5) 16:21 17:12 28:8 28:14 34:6 | | **offered**(2) 14:24 21:13 | |
| **honestly**(1) 7:18 | | **kind**(1) 25:5 | | **may**(6) 12:24 19:7 20:9 20:10 25:14 31:4 | | **office**(3) 3:12 5:3 21:1 | |
| **honor**(58) 3:5 3:9 3:11 3:18 3:25 4:3 4:7 | | **king**(1) 2:15 | | **maybe**(11) 11:25 12:1 13:1 13:9 21:20 | | **okay**(9) 3:17 9:13 19:4 19:21 22:17 26:24 | |
| 4:10 4:13 5:12 5:24 6:7 6:12 7:4 7:21 | | **know**(29) 5:8 5:12 5:13 6:14 6:18 7:1 | | 24:24 27:1 27:24 28:14 32:7 32:9 | | 29:4 30:14 33:12 | |
| 7:24 8:2 8:4 8:8 9:6 9:12 9:21 9:24 10:8 | | 7:19 7:19 7:19 12:18 13:13 14:16 19:25 | | | | | |
| 11:13 12:6 14:7 14:19 15:11 16:6 16:22 | | 20:22 22:11 23:16 24:1 24:5 24:16 25:22 | | **mean**(7) 6:13 7:23 14:11 15:2 25:11 27:17 | | **one**(11) 1:44 7:15 11:19 12:5 14:20 14:20 | |
| 17:7 17:11 17:14 18:2 18:9 18:20 19:8 | | 26:11 26:22 27:3 27:22 29:15 30:5 32:3 | | 32:5 | | 18:15 20:15 22:13 27:20 27:21 31:1 31:9 | |
| 19:20 20:6 20:10 20:16 20:25 21:19 22:18 | | 32:6 32:9 | | | | 31:9 | |
| 22:20 23:19 24:4 25:5 26:19 27:7 28:6 | | **known**(1) 5:2 | | **means**(1) 7:7 | | **one's**(1) 13:10 | |
| 28:8 28:18 29:8 29:19 33:22 33:25 | | **knows**(3) 6:12 6:13 7:18 | | **mentioned**(4) 15:11 16:23 18:9 26:18 | | **ongoing**(1) 30:22 | |
| | | **last**(6) 22:4 26:6 26:10 26:24 29:7 29:7 | | **miami**(1) 1:46 8:5 | | **only**(15) 6:11 10:2 10:14 10:19 12:8 14:3 | |
| **honor's**(4) 4:10 17:16 27:19 29:13 | | **later**(1) 3:15 | | **might**(16) 5:9 6:6 6:15 6:15 6:16 7:24 | | 14:7 14:17 15:9 16:6 18:10 18:12 18:21 | |
| **honorable**(1) 1:23 | | **laughter**(2) 13:12 32:8 | | 13:23 13:24 16:11 22:24 22:24 23:20 | | 25:23 33:1 | |
| **hopefully**(2) 32:1 33:20 | | **law**(1) 10:4 | | 23:19 26:19 27:15 30:3 | | | |
| **hours**(1) 26:10 | | **lawsuit**(3) 11:18 12:15 26:17 | | | | **open**(3) 30:17 32:20 33:13 | |
| **how**(6) 9:15 19:24 21:20 26:22 32:6 33:6 | | **lawsuits**(3) 26:5 26:10 26:20 | | **miller**(49) 1:43 3:13 3:13 3:18 8:4 8:5 9:9 | | **opposition**(1) 6:1 | |
| **i'll**(7) 4:10 18:10 21:23 29:6 31:24 32:5 | | **lawyer**(1) 26:22 | | 9:12 9:14 10:7 10:19 11:8 11:13 12:14 | | **option**(1) 21:19 | |
| 32:10 | | **layton**(2) 2:13 4:5 | | 13:5 13:17 13:21 14:1 14:24 17:2 17:7 | | **oral**(2) 3:22 11:22 | |
| | | **leave**(2) 32:5 33:5 | | 17:9 17:23 18:1 18:4 18:7 18:9 18:12 | | **order**(9) 3:10 6:25 7:10 7:13 28:21 29:13 | |
| **i'm**(29) 3:18 3:25 6:9 6:19 6:24 7:1 7:6 | | **lee**(3) 1:29 1:36 14:5 | | 18:17 18:19 19:2 19:5 19:8 19:11 19:15 | | 32:19 33:8 33:15 | |
| 7:9 7:10 7:11 7:22 7:24 12:7 13:18 22:19 | | **legal**(4) 8:19 8:20 10:11 22:14 | | 19:18 19:20 19:24 20:8 23:22 24:19 24:22 | | | |
| 22:24 23:23 24:13 24:20 25:4 26:7 26:23 | | **leslie**(1) 1:49 | | 25:4 25:10 25:21 26:3 29:6 29:8 33:25 | | **ordered**(4) 5:12 6:23 7:11 8:8 | |
| 27:4 27:18 28:20 31:3 31:17 31:24 33:12 | | **let**(6) 8:3 9:7 17:17 18:25 24:17 32:10 | | | | **orders**(2) 7:4 7:20 | |
| | | **let's**(7) 7:7 12:12 14:1 14:4 15:12 15:16 | | **miller's**(2) 26:22 29:3 | | **organizational**(1) 8:17 | |
| **i've**(1) 24:7 | | 30:16 | | **million**(4) 5:8 5:8 6:5 14:11 | | **other**(34) 5:2 7:16 8:13 9:17 10:3 10:7 | |
| **idea**(2) 25:11 25:12 | | **letter**(2) 28:9 32:13 | | **millions**(1) 5:9 | | 10:9 10:10 11:14 13:6 15:9 16:1 16:12 | |
| **important**(4) 8:9 9:22 12:5 13:9 | | **letters**(1) 9:2 | | **mind**(2) 4:19 4:21 | | 16:20 16:22 17:18 17:20 17:23 18:12 | |
| **importantly**(1) 5:19 | | **letting**(2) 14:14 15:5 | | **mine**(1) 13:11 | | 18:15 18:21 23:11 24:7 25:14 25:16 25:23 | |
| **inappropriate**(2) 19:23 33:14 | | **liability**(2) 12:17 12:18 | | **minimum**(1) 28:4 | | 27:14 27:16 30:2 30:3 31:18 32:17 | |
| **inclined**(1) 29:13 | | **liable**(1) 13:2 | | **moment**(1) 30:11 | | 32:18 | |
| **included**(1) 29:22 | | **like**(4) 3:14 8:6 30:7 31:15 | | **monday**(2) 3:1 4:16 | | **our**(14) 3:23 4:8 5:5 7:12 7:22 14:14 | |
| **incurred**(1) 8:20 | | **line**(1) 31:10 | | **money**(6) 6:14 13:3 25:6 26:13 26:24 | | 14:16 15:3 15:4 20:1 25:23 28:10 28:23 | |
| **indicate**(2) 15:1 22:12 | | **liquidation**(1) 20:18 | | **more**(4) 5:18 6:4 7:24 29:6 | | 31:3 | |
| **information**(1) 25:1 | | **litigation**(22) 8:21 10:21 12:10 13:20 | | **morning**(1) 3:5 3:6 4:3 4:4 4:13 4:14 | | **out**(10) 6:7 6:12 10:8 15:8 25:7 30:2 30:6 | |
| **inspection**(2) 11:2 29:23 | | 14:15 14:16 15:3 15:8 15:14 16:23 19:4 | | 4:16 4:16 8:4 20:11 23:17 | | 31:1 32:11 33:6 | |
| **instructions**(1) 29:14 | | 20:24 21:14 23:12 24:7 25:24 29:17 30:1 | | | | | |
| **insurance**(2) 8:24 9:3 | | 30:20 30:22 33:2 33:3 | | **most**(1) 9:22 | | **over**(7) 3:26 4:11 5:12 12:2 19:4 26:6 | |
| **interest**(2) 12:1 20:22 | | | | **motion**(10) 3:10 3:15 3:22 4:9 5:11 5:11 | | **overruled**(2) 5:24 7:21 | |
| **internal**(4) 11:17 12:2 14:14 32:4 | | **litigations**(1) 28:1 | | 20:1 21:6 31:2 32:23 | | **owe**(2) 5:7 6:5 | |
| **interrupt**(1) 9:7 | | **little**(1) 25:13 | | | | **owed**(2) 5:10 13:6 | |
| **into**(2) 10:20 17:21 | | **live**(1) 15:5 | | **motives**(2) 13:9 13:10 | | **own**(3) 8:13 21:23 23:15 | |
| **investigate**(1) 14:22 15:19 | | **llc**(2) 1:7 1:13 | | **move**(1) 27:1 | | **p.o**(1) 2:9 | |
| **investigation**(1) 18:14 | | **llp**(1) 2:19 | | **moving**(1) 26:20 | | **paid**(1) 31:7 | |
| **investors**(10) 1:7 1:13 16:22 25:7 25:16 | | **local**(1) 24:25 | | **much**(1) 26:21 | | **papers**(2) 3:15 28:10 | |
| 25:18 26:15 29:12 29:17 29:22 | | **log**(5) 9:10 9:16 9:19 9:23 32:22 | | **murin**(1) 1:49 | | **park**(1) 2:21 | |
| | | | | **must**(1) 21:12 | | **part**(2) 5:14 24:8 | |

| Word | Page:Line |
| --- | --- |

particular(1) 7:14
parties(2) 9:17 10:3 20:3 33:6
party(6) 6:2 13:25 19:9 23:12 28:1 33:1
party's(1) 22:2
pass(1) 14:11
pause(1) 30:13
pay(3) 6:14 13:3 31:5
paying(3) 5:6 26:25 27:1
payment(1) 15:1
payments(1) 8:24
pays(1) 21:1
pending(2) 11:19 12:4
pennsylvania(1) 1:53
people(6) 5:18 16:1 24:24 25:15 25:16
perform(3) 25:4 25:5 26:13
perhaps(2) 6:5 31:9
peril(2) 23:15 23:15
permission(1) 4:10
personnel(1) 5:4
petition(1) 11:21
phone(1) 31:23
phonetic(1) 5:18
pieces(1) 19:3
pierce(1) 22:13
place(1) 14:10
pleadings(2) 10:11 11:4
pleasant(1) 33:24
please(4) 3:4 30:11 32:23 33:15
plenty(1) 31:18
plus(1) 6:17
podium(2) 3:26 4:11
point(8) 13:13 18:5 18:20 19:7 25:21 27:14 28:3 32:17
pointed(2) 6:7 6:12
points(1) 8:6
policies(1) 8:24
position(4) 12:23 20:15 22:7 22:8
possess(1) 17:5
possession(4) 10:17 27:9 27:11 27:13
possible(1) 31:1
possibly(3) 12:6 15:9 20:5
post-judgment(3) 8:22 11:2 29:24
potential(6) 9:16 9:21 12:9 14:15 15:17 16:6
potentially(2) 14:1 15:8
pourakis(3) 1:37 3:12 24:19
ppearances(1) 1:27 2:1
prejudice(1) 33:16
presenting(1) 4:9
presumably(1) 11:24
previously(1) 25:17
principle(1) 8:6
prior(5) 6:8 6:25 27:8 28:21 28:24
privilege(19) 9:15 9:18 9:19 9:24 10:1 10:2 10:11 10:12 11:2 11:12 22:2 22:5 22:7 22:9 22:9 22:10 22:15 22:16 32:22 32:22
privileged(2) 9:10 27:16
pro(1) 3:14
probably(1) 9:22
problem(3) 15:4 15:4 22:22
proceeding(4) 11:3 20:2 25:25 26:17
proceedings(1) 1:22 1:56 8:23 34:6
process(1) 24:15
produce(8) 5:20 5:21 5:22 9:10 11:16 19:23 32:24
produced(19) 1:57 5:14 8:8 8:11 8:16 8:17 8:18 8:19 8:23 8:24 9:1 9:5 10:10 16:22 18:4 18:21 25:19 29:16 29:20
producing(3) 17:6 20:1 30:23
product(2) 12:2 14:14
production(3) 5:14 20:4 26:5
productive(2) 26:13 29:11
proffered(1) 7:3
proper(2) 16:25 28:16

proposition(1) 10:5
prosecuting(1) 11:24
protect(1) 12:19
protocol(1) 32:12
provision(1) 17:19
pure(3) 13:10 13:10 30:6
purpose(2) 14:13 15:21
purposes(1) 13:8
pursue(2) 14:15 20:24
put(5) 9:23 26:3 27:12 30:8 33:15
question(4) 23:20 23:23 23:24 24:14
questions(4) 7:24 8:1 28:7 30:5
quiz(1) 20:9
rainy(1) 4:15
raise(1) 8:6
raised(1) 15:10
rames(8) 2:14 4:3 4:5 4:5 28:13 33:8 33:5 33:22
rate(1) 21:1
real(1) 30:17
really(11) 7:5 7:6 7:9 7:12 7:23 11:11 16:20 17:12 20:16 20:22 26:21
reasonable(1) 29:10
reasons(1) 11:16
receive(1) 30:18
recognize(1) 8:10
recorded(1) 1:56
recording(1) 1:56 34:5
records(4) 8:16 11:1 25:18 29:23
regarding(5) 11:5 14:14 25:18 25:24 26:6 26:16
reign(1) 30:8
relating(2) 31:17 33:2
relevant(2) 13:8 13:23
remember(1) 9:14
request(2) 7:3 28:4
require(1) 31:2 31:13
required(2) 6:11 21:8
requiring(1) 33:3
research(2) 10:11 11:5
resource(1) 26:12
respect(10) 9:5 9:21 10:7 10:9 11:14 15:25 17:16 21:20 22:15 26:21
respectfully(8) 7:3 7:10 7:21 26:21 27:7 28:4 28:8 28:18
responding(1) 17:6
response(3) 8:3 8:9 33:19
responsive(1) 23:11
results(1) 32:21
reveal(1) 12:7
revealed(3) 12:9 20:1 20:5
review(8) 6:23 6:24 9:25 15:6 18:23 30:24 30:25 31:2
reviewed(3) 17:4 23:9 30:17
reviewing(2) 12:9 31:20
richard(1) 4:8
richards(2) 2:13 4:5
right(19) 4:18 10:6 12:17 12:21 14:1 17:8 20:7 20:14 20:20 20:23 21:11 21:13 22:6 22:17 24:22 28:19 29:19 30:16 33:23
rise(2) 3:3 8:21
ritchie(1) 2:20
robert(3) 5:16 5:21 26:22
ronald(2) 5:17 5:22
rule(6) 5:11 7:3 8:7 16:25 20:3 32:22
ruled(1) 27:7
ruling(1) 17:16
run(3) 23:21 24:1 24:8 24:9
running(1) 24:23
said(4) 16:3 28:10 28:23 32:16
same(5) 5:3 5:4 5:4 5:24 16:8
satisfied(1) 32:20

saving(1) 25:1
sawczuk(8) 1:30 3:5 3:7 3:7 3:21 3:23 3:25 33:11
say(9) 7:5 12:20 13:14 14:4 14:9 17:11 18:6 23:24 24:7
saying(6) 6:19 7:17 23:23 26:11 26:24 27:15
says(4) 7:17 17:19 27:5 32:15
scene(1) 6:21
scheduled(1) 11:22
schuylkill(1) 1:52
search(23) 6:24 7:5 9:4 25:5 25:22 26:14 27:4 27:4 27:5 28:5 28:10 28:11 29:9 29:11 31:13 31:14 31:15 31:18 31:23 32:1 32:6 32:9 32:21
searched(3) 24:16 25:17 25:20
searches(6) 23:21 24:1 24:8 24:9 27:12 28:16
searching(4) 24:20 25:3 26:4 26:7
seated(1) 3:4
second(9) 6:3 9:8 11:6 12:6 15:23 16:2 16:10 17:10 23:1
seconds(1) 4:23
see(8) 4:18 4:21 14:21 15:1 15:19 16:20 18:8 19:24
send(1) 26:23
sense(3) 27:14 29:2 32:2
senterfitt(3) 1:42 3:13 8:5
separate(2) 22:14
serious(1) 23:15
server(3) 24:21 24:23 25:2
servers(9) 7:6 23:25 25:8 25:9 25:10 25:11 26:8 26:14 31:14
service(2) 1:51 1:57
services(1) 1:51
several(3) 11:16 11:22 30:4
severally(1) 13:2
shall(1) 33:1
share(2) 5:3 24:25
shell(4) 7:2 8:11 25:14 28:21
should(10) 11:16 16:24 18:20 23:17 27:1 28:4 30:18 31:15 31:16 31:22
simple(1) 28:20
simply(2) 5:23 22:8
since(1) 6:18
single(1) 5:20
sir(1) 33:9
smell(1) 14:11
sole(1) 11:6
some(10) 5:2 7:16 13:23 19:7 22:12 23:14 28:18 31:14 31:22 32:1
somebody(2) 32:4 33:7
someday(1) 6:5
something(5) 15:14 18:23 22:13 24:25 30:12 32:6 32:10
somewhere(1) 3:17
sontchi(1) 1:23
sorry(5) 22:19 22:21 24:20 25:4 30:14
sound(2) 1:56 34:5
source(1) 15:1
southeast(1) 1:44
southern(3) 10:24 16:9 16:15
space(1) 5:3
specific(1) 29:14
speculate(1) 12:11
speculating(1) 26:23
speculation(1) 22:23
spend(2) 26:13 31:20

spending(1) 25:6
stand(1) 29:9
stand-alone(1) 24:24
start(1) 30:16
state(2) 3:19 8:20
states(2) 1:1 1:24
stayed(1) 11:21 19:6
stevens(3) 1:29 1:36 14:5
still(6) 11:23 12:3 12:4 12:4 23:24 28:16
stock(4) 6:11 8:13 16:5 17:20
stop(1) 30:8
stops(1) 28:21
story(1) 28:11
street(5) 1:15 1:31 1:52 2:8 2:15
subject(4) 9:18 9:23 16:25 31:7
submit(4) 18:17 18:19 21:9 33:7
succeed(1) 11:25
sue(1) 15:16
sues(1) 12:17
sufficient(1) 28:11
sufficiently(1) 33:13
suggest(1) 23:19
suggestion(1) 31:1
suite(1) 1:32
summary(3) 15:24 16:16 16:17
sunday(2) 4:15 4:17
supports(1) 10:5
supposed(1) 27:10
sure(2) 7:6 31:17
tailored(1) 31:16
take(9) 12:23 17:14 17:17 17:24 17:25 18:14 22:6 22:24 29:2
taken(1) 8:23
taking(1) 22:8
talking(4) 14:3 26:20
task(1) 21:16
taylor(2) 2:5 20:12
tell(6) 10:8 18:14 19:22 23:17 28:13 28:13
terms(6) 28:5 31:14 31:15 31:18 31:23
test(1) 14:12
than(7) 6:12 7:24 8:13 16:22 17:20 23:12 32:18
thank(15) 3:21 3:25 4:1 4:2 4:12 8:2 20:7 20:8 22:17 22:21 29:5 29:8 30:9 33:25 34:1
that(158) 3:15 5:5 5:10 5:19 5:24 6:6 6:10 6:21 6:24 7:2 7:7 7:7 7:15 7:16 7:19 8:9 8:9 8:10 8:11 8:12 8:18 8:21 8:23 8:24 9:20 9:25 10:2 10:4 10:4 10:5 10:10 10:10 10:12 10:14 10:16 11:6 11:18 11:20 11:23 12:7 12:8 12:9 12:12 12:22 12:24 13:1 13:7 13:8 13:19 13:20 13:23 13:24 14:2 14:4 14:5 14:7 14:8 14:11 14:13 14:16 14:18 14:20 14:24 14:25 15:1 15:4 15:7 15:10 15:12 15:14 15:16 15:18 15:21 16:5 16:7 16:14 16:17 16:20 17:11 17:14 17:15 17:16 17:19 17:19 18:15 18:15 18:19 18:19 19:7 19:9 19:23 19:24 20:4 20:5 21:8 21:9 21:17 21:18 22:3 22:4 22:8 22:12 22:12 22:13 22:24 23:8 23:8 23:10 23:11 23:15 23:16 23:20 24:7 24:11 24:13 24:16 25:12 25:21 25:23 26:1 26:1 26:4 26:5 26:9 26:11 26:16 26:17 26:22 26:25 27:2 27:2 27:6 27:14 27:15 27:16 28:15 28:16 28:19 29:9 30:3 30:4 30:16 30:22 30:25 31:6 32:2 32:4 32:5 32:10 32:12 32:13 32:15 32:17 32:21 33:6 33:15 33:15 34:4
that's(33) 4:18 7:21 7:23 10:13 10:14 12:3 12:5 14:6 14:20 14:20 15:7 15:7 15:21 16:8 16:19 18:4 18:5 18:8 18:18 18:19 18:20 18:23 19:1 19:6 19:20 19:21 21:4 22:1 23:2 27:12 31:9 31:21

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| the(301) 1:1  1:2  1:23  2:7  3:3  3:4  3:6  3:7  3:9  3:10  3:11  3:17  3:18  3:19  3:20  3:22  3:24  3:26  4:2  4:4  4:7  4:9  4:11  4:12  4:14  4:17  4:20  5:1  5:3  5:4  5:4  5:6  5:7  5:8  5:24  6:3  6:6  6:7  6:13  6:14  6:16  6:18  6:2  6:25  7:2  7:5  7:9  7:10  7:12  7:13  7:14  7:16  8:1  8:3  8:8  8:14  8:15  8:15  8:16  8:20  8:20  8:20  8:21  8:22  8:24  9:1  9:3  9:7  9:10  9:13  9:15  9:18  9:19  9:20  9:22  9:23  9:24  9:24  10:1  10:1  10:2  10:3  10:4  10:6  10:8  10:10  10:12  10:14  10:15  10:16  10:16  10:17  10:19  10:20  10:21  10:21  10:24  10:25  11:7  11:8  11:9  11:9  11:9  11:10  11:10  11:11  11:11  11:12  11:13  11:15  11:16  11:17  11:18  11:19  11:20  11:24  11:25  12:1  12:1  12:7  12:8  12:10  12:11  12:13  12:15  12:15  12:23  12:23  12:25  13:2  13:3  13:4  13:13  13:16  13:18  13:20  13:20  13:21  13:23  13:23  13:24  14:4  14:4  14:6  14:7  14:9  14:11  14:15  14:16  14:17  14:18  14:22  14:23  14:24  15:2  15:3  15:5  15:7  15:9  15:10  15:12  15:13  15:17  15:18  15:23  16:1  16:2  16:2  16:6  16:8  16:9  16:10  16:12  16:15  16:16  16:18  16:22  16:22  16:24  16:25  17:1  17:3  17:8  17:13  17:14  17:19  17:22  17:24  17:25  18:1  18:3  18:4  18:5  18:6  18:8  18:9  18:11  18:12  18:13  18:14  18:15  18:18  18:21  18:21  18:22  18:22  18:24  18:25  19:1  19:3  19:4  19:4  19:6  19:6  19:9  19:12  19:12  19:12  19:13  19:14  19:16  19:16  19:16  19:19  19:19  19:21  19:25  20:2  20:3  20:4  20:4  20:7  20:9  20:11  20:13  20:14  20:15  20:18  20:19  20:20  20:21  20:23  20:25  20:25  21:1  21:3  21:6  21:9  21:11  21:13  21:13  21:14  21:14  21:15  21:16  21:19  21:22  22:1  22:2  22:4  22:5  22:5  22:6  22:8  22:11  22:14  22:15  22:17  22:19  22:21  22:24  23:1  23:3  23:3  23:24  23:8  23:10  23:12  23:13  23:13  23:16  23:25  24:1  24:2  24:2  24:5  24:6  24:6  24:7  24:15  24:16  24:17  24:19  24:21  24:23 | therefore(1) 16:24<br><br>these(30) 7:20  7:20  8:11  8:25  9:5  9:17  10:9  10:12  11:1  11:8  12:10  15:8  16:4  16:7  16:11  16:19  17:18  17:18  23:24  24:12  26:10  27:1  27:8  27:16  27:25  28:1  28:7  28:23  30:2  30:5<br><br>they(81) 5:2  5:3  5:3  5:4  5:4  5:14  5:20  5:20  5:21  6:1  6:2  6:5  6:10  6:12  6:17  6:19  6:19  7:5  7:6  7:16  7:17  7:17  7:19  7:19  8:9  8:18  9:17  10:2  10:10  10:22  10:25  11:1  11:2  11:3  11:14  12:17  12:18  12:18  12:19  12:20  12:21  14:2  14:8  14:9  14:10  14:18  14:25  15:1  15:1  15:12  15:16  17:21  18:1  18:6  18:6  18:11  18:13  18:13  18:14  18:15  18:15  20:18  23:8  23:21  23:22  23:24  24:7  24:24  24:25  25:18  27:17  28:17  29:2  29:16  29:23  30:5  31:16  31:17  33:6<br><br>they're(12) 5:22  6:2  6:13  9:23  14:19  14:25  17:19  19:9  25:1  26:11  29:15  31:19<br><br>they've(1) 26:1<br><br>thing(2) 10:14  18:21<br><br>things(1) 27:17<br><br>think(33) 4:24  6:22  9:22  10:4  11:13  11:15  12:23  13:9  13:14  13:18  14:5  14:13  15:2  15:7  15:12  15:18  16:19  16:23  17:9  17:12  21:14  23:1  23:15  24:6  26:12  29:1  29:9  29:10  29:14  31:16  31:22  33:13  33:13<br><br>thinking(1) 13:18<br>third(2) 1:44  13:24<br>thirty(1) 4:23<br>this(38) 3:15  4:15  6:14  7:4  8:21  10:13  11:3  11:21  11:23  13:13  15:2  15:2  15:21  16:21  17:12  18:20  19:2  20:3  21:3  21:21  22:15  23:17  24:2  25:22  26:24  27:3  27:19  27:20  28:6  28:14  28:19  29:3  29:20  30:6  30:8  32:17  33:4  33:15<br><br>thorough(1) 9:4<br>those(24) 5:23  6:20  7:4  9:5  9:18  9:20  9:23  10:19  10:20  11:5  11:11  11:14  15:6  16:11  18:16  20:21  22:2  23:18  25:19  30:2  31:5  31:10  31:15  33:4<br><br>though(1) 12:12<br>thought(1) 17:10<br>thousands(4) 26:10  29:21  29:21  31:21<br>three(3) 6:20  8:6  27:25<br>through(2) 15:3  27:10<br>time(10) 21:3  21:24  23:3  23:17  25:21  25:22  28:11  33:4  33:4  33:16<br><br>today(10) 3:9  3:11  4:7  4:9  10:13  14:19  28:6  28:15  33:17  33:18<br><br>together(1) 31:15<br>told(2) 23:6  26:1<br>ton(1) 31:20<br>too(2) 31:19  33:21<br>took(2) 29:23  30:1<br>train(1) 17:9<br>transcriber(1) 34:10<br>transcript(3) 1:22  1:57  34:5<br>transcription(2) 1:51  1:57<br>true(1) 26:11<br>trustee(10) 9:25  11:9  11:10  14:24  15:2  15:3  15:18  31:10  30:24  30:25<br><br>trustee's(3) 10:1  20:25  31:2<br>trustees(1) 21:1<br>try(2) 15:16  30:7<br>turn(4) 3:26  4:10  12:2  26:15<br>twenty(1) 26:5<br>two(6) 7:15  7:16  19:3  20:17  23:18  27:5<br>u.s(1) 20:25<br>uh-huh(3) 12:14  13:5  13:22<br>ultimately(2) 31:6  31:7 | under(4) 13:15  16:19  29:10  32:22<br>understand(2) 15:21  24:21<br>understanding(3) 5:5  22:3  22:4<br>understood(1) 23:3<br>undertaken(1) 21:16<br>unfortunately(1) 30:14<br>united(2) 1:1  1:24<br>universe(1) 10:9<br>unless(2) 21:2  22:12<br>unsuccessful(1) 10:24<br>until(2) 17:25  18:14<br>upon(2) 7:8  7:8<br>use(1) 26:12<br>valid(1) 15:21<br>venture(2) 2:12  4:6<br>verbal(2) 3:15  33:19<br>very(8) 3:20  4:2  4:12  4:24  9:4  26:7  31:22  31:23<br><br>vice(1) 3:14<br>victory(1) 6:3<br>view(1) 22:11<br>volunteer(2) 21:23  31:4<br>waive(3) 10:2  12:18  22:8<br>waived(4) 11:9  11:10  22:1  22:5<br>waives(1) 12:17<br>want(16) 6:22  6:22  12:11  12:19  14:25  19:16  30:11  31:9  32:14<br><br>wants(3) 9:25  15:3  21:20<br>was(27) 6:10  6:21  6:21  7:13  8:7  8:25  9:1  11:3  11:19  11:21  11:22  16:3  16:15  16:15  16:17  17:11  22:3  23:10  28:11  28:11  28:22  29:10  30:15  32:12  32:14  33:14  34:2<br><br>wasn't(3) 5:23  6:6  33:20<br>wasteful(1) 31:20<br>way(11) 6:9  14:7  14:17  17:13  18:15  24:6  24:7  26:3  27:12  31:1  31:9<br><br>we'll(3) 11:24  11:25  12:21<br>we're(16) 3:9  5:12  6:6  6:22  6:22  9:25  10:12  14:3  23:16  26:25  27:6  27:9  27:20  31:19  32:12<br><br>we've(6) 7:2  7:15  16:12  18:20  26:4  29:20<br>welcome(3) 3:20  22:18  30:10<br>well(29) 6:11  7:5  7:18  7:22  8:22  9:2  9:11  10:13  10:15  12:11  12:18  13:8  14:6  14:9  16:14  19:1  21:15  22:1  23:4  23:19  24:5  24:17  25:9  25:10  27:5  27:16  27:22  27:24<br><br>were(17) 5:24  6:17  8:18  8:23  8:24  9:14  9:15  9:16  9:17  9:20  14:9  23:21  27:8  27:8  28:5  28:17  28:23<br><br>weren't(4) 14:10  14:18  27:17  28:1<br>west(1) 2:8<br>what(39) 6:16  6:19  7:7  9:4  9:6  10:7  10:15  12:6  15:7  16:12  16:21  17:11  18:20  18:24  19:25  20:5  22:14  22:23  23:2  23:21  23:23  24:15  24:20  25:2  25:8  26:11  27:4  28:5  28:10  28:13  28:13  28:20  28:22  29:14  29:15  30:15  31:15  32:14  32:15<br><br>what's(3) 20:14  26:8  26:8<br>whatever(2) 13:6  24:13<br>when(7) 10:23  11:21  11:23  13:18  25:18  27:10  27:10<br><br>where(8) 4:18  4:21  6:14  8:23  23:12  24:25  27:5  29:16<br><br>whereupon(1) 34:2<br>whether(8) 11:14  15:19  22:7  23:20  30:2  30:18  32:3  32:4 | which(24) 5:11  6:2  6:2  6:5  8:8  8:14  8:18  9:1  9:16  9:21  11:5  15:18  16:16  16:23  18:23  23:20  26:15  28:1  28:9  29:22  31:20  32:14  32:18<br><br>who(7) 5:18  6:12  6:13  19:13  22:14  24:10  33:1<br><br>who's(1) 14:22<br>whole(1) 28:14<br>why(7) 7:22  12:17  16:19  19:22  23:17  27:17  27:20<br><br>will(5) 4:9  4:23  19:22  32:21  33:3<br>wilmington(5) 1:16  1:33  2:10  2:16  3:1<br>wise(1) 26:12<br>wish(1) 33:6<br>with(53) 3:10  3:11  3:15  4:7  4:10  5:1  5:16  5:17  6:16  6:25  7:9  9:3  9:5  9:21  10:7  10:9  11:10  11:13  12:16  15:4  15:5  15:25  16:1  17:6  18:25  19:13  20:3  20:15  21:14  21:20  22:2  23:22  23:25  24:5  24:12  24:15  24:20  25:2  25:12  25:23  26:7  27:1  27:25  28:21  30:16  30:20  31:5  31:12  31:24  32:1  32:23  33:4  33:10<br><br>within(1) 11:6<br>without(1) 33:16<br>won(1) 7:15<br>word(4) 24:8  24:9  29:3  29:7<br>words(2) 25:7  26:5<br>work(6) 5:18  12:2  14:14  15:3  31:15  32:10<br>would(26) 3:14  8:6  12:7  12:23  14:7  14:8  14:18  15:10  16:8  16:10  16:23  18:24  19:22  19:24  20:1  21:19  22:13  22:15  26:3  30:7  31:2  31:6  31:7  31:7  31:14  33:7<br><br>wouldn't(2) 8:12  18:24<br>write(1) 31:4<br>yeah(4) 13:8  17:24  23:7  24:18<br>year(1) 26:24<br>years(9) 6:20  26:6  26:10  27:5  27:18  27:25  28:20  29:20  30:4<br><br>yes(4) 17:7  19:8  25:21  33:9<br>yet(2) 3:14  32:18<br>york(9) 1:39  2:22  10:25  11:20  11:22  11:25  12:5  16:9  16:16<br><br>you(60) 3:21  3:25  4:1  4:2  4:12  4:18  4:21  6:9  8:2  8:12  9:10  13:13  13:14  13:14  16:20  17:3  17:3  17:4  17:4  17:17  17:24  17:24  17:25  19:22  20:7  20:8  20:9  20:10  20:22  22:11  22:17  22:21  23:11  23:16  23:17  23:22  24:20  25:2  25:9  26:1  26:2  27:22  27:24  28:8  28:10  28:13  28:13  29:5  29:7  29:9  30:9  31:15  31:22  31:23  32:10  32:14  32:23  33:25  34:1<br><br>you're(3) 22:18  23:12  30:10<br>your(63) 3:5  3:9  3:11  3:18  3:25  4:3  4:7  4:10  4:10  4:13  5:11  5:24  6:7  6:11  7:3  7:21  7:24  8:2  8:4  8:8  9:6  9:12  9:20  9:24  10:8  11:13  12:6  14:7  14:19  15:10  16:14  16:19  17:7  17:11  17:13  17:16  18:1  18:9  18:20  19:8  19:20  20:6  20:10  20:16  20:25  21:19  22:18  22:20  23:11  23:19  24:4  25:5  26:19  27:7  27:19  28:6  28:8  28:18  29:8  29:13  29:19  33:22  33:25 |
| their(18) 5:14  5:14  5:15  5:23  6:1  6:3  7:14  8:17  8:18  12:2  12:3  12:19  13:9  14:9  14:10  16:5  26:8  32:4 | | | |
| them(16) 6:11  9:25  13:1  17:17  18:15  18:23  18:25  26:2  28:6  28:9  28:12  28:12  29:2  30:24  31:1  32:5 | | | |
| themselves(1) 12:19<br>then(4) 19:12  21:12  22:15  27:16<br>there(44) 5:19  5:19  6:10  6:10  6:15  6:15  6:15  6:16  6:17  7:4  7:14  8:7  8:10  8:25  9:14  9:15  10:8  11:1  11:19  12:24  13:7  13:7  13:19  14:17  15:19  15:19  15:20  16:3  16:3  19:3  20:17  20:17  22:7  22:12  23:1  24:11  25:14  25:15  27:15  28:18  30:6  30:18  32:12  33:13<br><br>there's(19) 5:9  6:3  6:4  7:2  7:14  8:12  12:10  14:13  16:20  19:4  19:12  21:3  22:12  23:20  23:25  24:11  24:21  27:23  30:6 | | | |